FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

MAY 13 2009

D. MARK JONES, CLERK
BY_____
DEPUTY CLERK

Phillip Wm. Lear  Utah Bar # 1914
Jonathan D. Lear  Utah Bar # 10299
Lear & Lear L.L.P.
808 East South Temple Street
Salt Lake City, Utah  84102
Telephone:  (801) 538-5000
Facsimile:   (801) 538-5001

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| **TWILIGHT RESOURCES, LLC,** a Utah Limited Liability Partnership; **PAR FIVE EXPLORATION L.L.C.,** a Utah Limited Liability Company; and **LANE LASRICH,** an individual; <br><br> Plaintiffs, <br><br> v. <br><br> **KENNETH L. SALAZAR,** in his official capacity as Secretary of the United States Department of the Interior; **THE UNITED STATES DEPARTMENT OF THE INTERIOR; MICHAEL POOL,** in his official capacity as Acting Director, Bureau of Land Management; **THE BUREAU OF LAND MANAGEMENT,** an agency within the Department of the Interior; **SELMA SIERRA,** in her official capacity as the State Director, Utah State Office, Bureau of Land Management; and **KENT HOFFMAN,** in his official capacity as the Deputy Director—Division of Land and Mineral, Utah State Office, Bureau of Land Management; <br><br> Defendants. | **COMPLAINT** <br><br> Case No. 2:09-cv-442 <br><br> Hon. Samuel Alba <br> Chief Magistrate Judge |

Plaintiffs **TWILIGHT RESOURCES, LLC, PAR 5 EXPLORATION, L.L.C.,** and **LANE LASRICH,** by and through their undersigned attorneys, complain of Defendants and for causes of action alleges, as follows:

## INTRODUCTION

1.     This action arises under the Mineral Leasing Act of 1920, as amended, 30 U.S.A. §§ 181-287 (**"Mineral Leasing Act"**), and its implementing regulations, and the Federal Land Policy and Management Act of 1976 (**"FLPMA"**), 43 U.S.C. §§ 1701-1785, as amended, and its implementing regulations.

2.     This is a civil action for judicial review of February 12, 2009 decisions of Kent Hoffman, Deputy Director—Division of Land & Minerals, Utah State Office, Bureau of Land Management (**"Utah BLM"**), withdrawing 21 of Plaintiffs' lease parcels from the December 19, 2008 federal oil and gas lease sale (the **"Lease Sale"**).  Representative examples of the February 12, 2009 decisions sent to successful bidders (the **"Decision"**) are attached hereto as Exhibit "A-1" and Exhibit "A-2" and incorporated herein by reference.

3.     At the Lease Sale, Plaintiff Twilight Resources, LLC, (sometimes hereinafter **"Twilight"**) was the high bidder for Parcel UT1108-159 (UTU-86887), Parcel UT1108-161 (UTU-86892), Parcel UT1108-162 (UTU-86893), Parcel UT1108-164 (UTU-86899), Parcel UT1108-165 (UTU-86900), Parcel UT1108-170 (UTU-86905), Parcel UT1108-171 (UTU-86906), Parcel UT1108-172 (UTU-86907), Parcel UT1108-173 (UTU-86908), Parcel UT1108-174 (UTU-86909), Parcel UT1108-175 (UTU-86910), Parcel UT1108-197 (UTU-86931), Parcel UT1108-356 (UTU-86863), Parcel UT1108-357 (UTU-86864), Parcel UT1108-358 (UTU-

86865), Parcel UT1108-359 (UTU-86866), Parcel UT1108-360 (UTU-86867), Parcel UT1108-361 (UTU-86888), Parcel UT1108-362 (UTU-86868), Parcel UT1108-363 (UTU-86869), Parcel UT1108-364 (UTU-86870), Parcel UT1108-365 (UTU-86871), Parcel UT1108-366 (UTU-86872), Parcel UT1108-367 (UTU-86873), Parcel UT1108-368 (UTU-86889), Parcel UT1108-369 (UTU-86890), Parcel UT1108-370 (UTU-86891), Parcel UT1108-371 (UTU-86874), (collectively the "**Twilight Lease Parcels**").

4.      At the Lease Sale, Plaintiff Par Five Exploration, LLC (sometimes hereinafter **"Par Five"**) was the high bidder for Parcel UT1108-201 (UTU-86935), Parcel UT1108-202 (UTU-86936), Parcel UT1108-203 (UTU-86937), Parcel UT1108-204 (UTU-86939), Parcel UT1108-205 (UTU-86940), Parcel UT1108-207 (UTU-86941), and Parcel UT1108-208 (UTU-86942) (collectively **"Par Five Lease Parcels"**).

5.      At the Lease sale, Plaintiff Lane Lasrich (sometimes hereinafter **"Lasrich"**) was the high bidder for Parcel UT1108-156 (UTU-87022) and Parcel UT1108-371 (UTU-87031) and Lasrich, by and through his agent Robert W. Hanagan, for Parcel UT-108-112 (UTU-86979) (collectively the "**Lasrich Lease Parcels**").

6.      The Twilight Lease Parcels, Parr Five Lease Parcels, and Lasrich Lease Parcels are sometimes hereinafter collectively referl red to as the **"Lease Parcels."**

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over this matter pursuant to the Mineral Leasing Act of 1920, 30 U.S.C.A §§ 181-287; the Federal Land Policy and Management Act of 1976, as amended. 43 U.S.C. §§ 1701, 1785; the Administrative Procedures Act, 5 U.S.C. §§ 701-706; and 28 U.S.C.A. § 1331 (federal question jurisdiction).

8.      Venue lies in this Court under 28 U.S.C. § 1391(e) because Defendants have offices in this District, and therefore reside in this District; and under 28 U.S.C. § 1391(b), because the lease sale that is the subject of this action and the lands affected thereby are wholly encompassed by and are situated in this District.

## PARTIES

9.      Twilight Resources, LLC is a Utah limited liability company in good standing. Twilight engages in the business of oil and gas exploration and production in the State of Utah.

10.     Par Five Exploration LLC is a Utah limited liability company in good standing. Par Five.

11.     Lane Lasrich is an individual over the age of majority and is domiciled in and is a resident of the State of Utah. Lasrich engages in the business of oil and gas lease acquisition and oil and gas exploration and production in the State of Utah.

12.     Defendant Kenneth L. Salazar (sometimes hereinafter **"Defendant Salazar"**) is sued in his official capacity as Secretary of the United States Department of the Interior.

13.     Defendant United States Department of the Interior (hereinafter **"Defendant DOI"** or **"DOI"**) is the federal agency responsible for administering public lands of the United States, including mineral rights in public lands of the United States, including the State of Utah, and has ultimate authority over oil and gas leasing and operations on the public lands, including public lands in the State of Utah, and federal oil and gas leases sales conducted by the Utah BLM.

14.     Defendant Michael Pool, also known as Mike Pool (hereinafter **"Defendant Pool"**) is sued in his official capacity as the Acting Director of the Bureau of Land Management.

15.     Defendant Bureau of Land Management (hereinafter **"Defendant BLM"** or **"BLM"**) is the federal agency within the DOI responsible for managing the public lands of the

{00024088.5}                                          4

United States and oil and gas leasing and operations on the public lands, including public lands in the State of Utah, and federal oil and gas leases sales conducted by the Utah BLM.

16.     Defendant Selma Sierra (hereinafter sometimes **"Defendant Sierra"**) is sued in her official capacity as Utah State Director of the Bureau of Land Management. Defendant Sierra had ultimate local authority within the Utah BLM over oil and gas lease sales, including the Lease Sale.

17.     Defendant Kent Hoffman (hereinafter sometimes **"Defendant Hoffman"**) is sued in his official capacity as the Deputy Utah State Director of the Bureau of Land Management. By initiating this action, the Plaintiffs seek to protect their interests under the Lease Sale and in and to the Lease Parcels awarded to them by the Utah BLM at that sale.

## GENERAL ALLEGATIONS

### The December 2008 Lease Sale.

18.     On November 4, 2009, the Utah BLM posted its Notice of Competitive Lease Sale, Oil and Gas (**"Notice of Lease Sale"**) for the December 2008 Lease Sale. The Utah BLM offered approximately 359,449.92 acres (241) parcels. A copy of the Notice of Lease Sale is attached hereto as Exhibit "B" and is incorporated herein by reference.

19.     By various decision letters encaptioned Errata Sheets dated December 2, December 12, and December 15, 2009, Defendant Hoffman reduced the acreage and parcels offered in the Notice of Lease Sale to approximately 163,935.26 acres (132) parcels. The Errata Sheets are attached here to as Exhibit "C-1," "C-2," and "C-3," respectively, and are incorporated herein by reference.

20.     By Decision to Lease dated December 12, 2008, Defendant Hoffman announced that the Utah BLM would lease 163,935 acres constituting 132 parcels reduced from 359,449.92

acres constituting 241 parcels contained in the Notice of Lease Sale. The Decision to Lease is attached hereto as Exhibit "D" and is incorporated herein by reference.

21.     The Utah BLM issued its December 2008 Final Oil and Gas Lease Sale List (**"Final List"**) on December 15, 2008. The Final List contained all Lease Parcels.

22.     On December 19, 2009, the Utah BLM conducted the Lease Sale and awarded Twilight (28) leases, Par Five (7) leases, and Lasrich (2) leases. The Plaintiffs Lease Parcels appear on the Final List. The Final List is attached hereto as Exhibit "E" and is incorporated herein by reference.

23.     By certified letters dated on or about December 24, 2008, Defendant Hoffman notified the Plaintiffs that in light of fraudulent bidding, successful bidders had the option of withdrawing their bids and losing their parcels or making the balance of the bonus payments with the view to receiving leases once existing lease sale protests had been resolved. A representative copy of the December 24, 2008 letter is attached hereto as Exhibit "F" and is incorporated herein by reference.

24.     Plaintiffs opted to tender the bonus payments and timely made the balance of the bonus bid payments to the Utah BLM.

25.     Twilight paid $563,755.00 in bonus bids, first-year rentals, and fees.

26.     Par Five paid $56,258.50 in bonus bids, first-year rentals, and fees.

27.     Lasrich paid $56,258.50 in bonus bids, first-year rentals, and fees.

28.     On February 4, 2009, Defendant Salazar conducted a press conference titled "Teleconference about Restoring Balance in Controversial Last-Minute Oil and Gas Lease Sale Near Utah National Parks." Defendant Salazar announced that he was directing the Utah BLM not to accept bids on 77 parcels sold at the Lease Sale. Defendant Salazar stated reasons for the directive included: (a) the parcels "are close in proximity to Arches and Can[yon]lands National Parks, Dinosaur National Monument, and Nine Mile Canyon . . [and on] the doorstep of our

{00024088.5}                                          6

national treasures in Utah . . .[:]" (b) "the environmental review process that was followed was from our point of view not complete . . .[;]" (c) there are concerns regarding consultation with the NPS; and (d) there are concerns regarding air quality and the impact of oil and gas development on the National Parks.

29.     On February 6, 2009, Defendant Salazar directed the Utah BLM to withdraw the 77 parcels from further consideration in the Lease Sale for the reasons stated in his February 4, 2009 press conference.

30.     By letters dated February 12, 2009, Defendant Utah BLM, by and through Defendant Hoffman, issued the decision letters withdrawing the Plaintiffs' some if not all of the Plaintiff's Lease Parcels, pursuant to Defendant Salazar direction and informing Plaintiffs that they would receive refunds of the bonus bids and lease payments. *See, e.g.,* Exhibits "A-1" and "A-2."

31.     Several successful bidders appealed the February 12, 2009 decision letters to the Interior Board of Land Appeals (**"IBLA"**). The IBLA dismissed the appeal on grounds that Defendant Salazar's directive [and the resulting February 12, 2009 decision letters] constituted final agency action and deprived the IBLA of jurisdiction.

32.     The Twilight Lease Parcels withdrawn and cancelled by the Utah BLM are UT1108-159 (UTU-86887), UT1108-162 (UTU-86893), UT1108-164 (UTU-86899), UT1108-170 (UTU-86905), UT1108-171 (UTU-86906), UT1108-174 (UTU-86909), UT1108-201 (UTU-86935); UT1108-202 (UTU-86936), UT1108-361 (UTU-86888), UT1108-368 (UTU-86889), UT1108-369 (UTU-86890), UT1108-370 (UTU-86891).

33.     The Par Five Lease Parcels withdrawn and cancelled by the Utah BLM are UT1108-174 (UTU-86909), UT1108-201 (UTU-86935), UT1108-202 (UTU-86936), UT1108-203 (UTU-86937), UT1108-205 (UTU-86939), UT1108-206 (UTU-86940), UT1108-207 (UTU-86941), and UT1108-208 (UTU-86942).

34.     The Lasrich Lease Parcel withdrawn and cancelled by the Utah BLM is UT1108-112 UTU-86979).

**Application of the Mineral Leasing Act.**

35.     The Mineral Leasing Act requires the Secretary to issue oil and gas lease sale parcels to the highest, responsible, qualified bidder by competitive bidding. *See* 30 U.S.C. § 226(b)(1)(a).

36.     Further, the Mineral Leasing Act mandates that leases be issued within 60 day following payment by the successful bidder of the remainder of the bonus bid and annual rentals. *See* U.S.C. § 226(b)(1)(A).

**The Application of FLPMA and Resources Management Plans.**

37.     FLPMA directs the Secretary to "develop, maintain, and, when appropriate, revise land use plans" to govern the use of the public lands.  43 U.S.C. §1701(a)(7), -(8), & -12(a); 43 U.S.C. § 1732(a) & (b); 43 C.F.R. § 11610.5.3.

38.     FLPMA identifies mineral development as one of the principle uses of public lands  43 U.S.C § 1702(1).

39.     The Utah BLM uses Resource Management Plans (**"RMPs"**) to implement the goals and objectives of FLMPA, namely, manage public lands principles of multiple use and sustained yield, 43 U.S.C. § 1701(7), and in a manner which recognizes the nation's need for domestic sources of minerals. 43 U.S.C. §§ 1701(12) & 1712(a).

40.     RMPs establish guidance, objectives, and policies, and management actions for public lands administered regionally by BLM resource areas or Field Offices.

41.     RMPs are designed to "maximize resource values for the public through a rational, consistently applied set of regulations and procedures which promote the concept of

multiple use management and ensure participation by the public, state, and local governments."
43 C.F.R. § 1601.0-2.

42.     In the context of oil and gas leases, the RMPs designate:  (1) lands open to oil and gas leasing and development: and (2) stipulations and mitigation measures that may be attached to leases or as conditions of approval for subsequent exploration or development projects to protect other resources that may be found on the leases, including, but not limited to wildlife, cultural resources, or special environmental features.

43.     Approval of RMPs constitute major federal action significantly affecting the quality of the human environments, 43 C.F.R. § 1601.0-6, and, therefore, requires preparation of an environmental impact statement under the National Environmental Policy Act ("**NEPA**").

44.     Once an RMP is approved, all future management actions, such as leasing, must conform to the RMP.  43 C.F.R. § 1610.5-3(a).

45.     Plaintiffs' Lease Parcels lie in one or more of the Moab, Price, and Vernal resources areas and subject to the Moab, Price, and Vernal  Resource Management Plans.

46.     FLPMA and the Mineral Leasing Act grant the Secretary, through the BLM, broad discretion in determining whether to lease certain lands for oil and gas.  The Secretary may not be compelled to lease any particular lands.  This discretion must be exercised prior to holding competitive oil and gas lease sale, prior to accepting bids, prior to accepting payment the day of the sale, and prior to accepting full payment for the lease parcels.  Neither FLPMA nor the Mineral Leasing Act empower the Secretary or the BLM to retroactively withdraw lease parcels, including the Plaintiffs' Lease Parcels or repudiate acceptance of Plaintiffs' lease offers.

47.     Defendants were and are statutorily obligated and contractually bound to issue Plaintiffs' leases.

48.     C. Stephen Allred, DOI's Assistant Secretary for Land and Minerals signed the Record of Decision approving Moab Resource Management Plan (**"Moab RMP"**) on October 31, 2008.

49.     C. Stephen Allred, DOI's Assistant Secretary for Land and Minerals signed the Record of Decision approving the Price Resource Management Plan (**"Price RMP"**) on October 31, 2008.

50.     C. Stephen Allred, DOI's Assistant Secretary for Land and Minerals signed the Record of Decision approving the Vernal Resource Management Plan (**"Vernal RMP"**) on October 31, 2008.

51.     Defendants approved the Moab, Price, and Vernal RMPs pursuant to FLPMA, and all RMPs are the official mandated land management plans for the respective resource areas..

52.     Parcels UT1108-159 (UTU-86887), UT1108-162 (UTU-86893); UT1108-164 (UTU-86899), UT1108-170 (UTU-86905), UT1108-171 (UTU-86906), UT1108-174 (UTU-86909) awarded to Twilight are subject to the Moab RMP and were approved for leasing by the Utah BLM.

53.     Parcels UT1108-361 (UTU-86888), UT1108-368 (UTU-86889), UT1108-369 (UTU-86890), UT1108-370 (UTU-86891 awarded to Twilight are subject to the Price RMP and were approved for leasing by the Utah BLM.

54.     Parcels UT1108-201 (UTU-86935), UT1108-202 (UTU-86936), UT1108-203 (UTU-86937), UT1108-205 (UTU-86939), UT1108-206 (UTU-86940), UT1108-207 (UTU-86941), and UT1108-208 (UTU-86942) awarded to Par Five subject to the Moab RMP and were approved for leasing by the Utah BLM..

55.     Parcel UT1108-112 (UTU-86979) awarded to Lasrich is subject to the Vernal RMP and were approved for leasing by the Utah BLM.

56.     As part of the Secretary's management authority, FLPMA authorizes the Secretary to withdraw public lands from oil and gas leasing and to modify, extend, or revoke withdrawals. 43 U.S.C. § 1714. Withdrawals may be made, modified, extended, or revoked by publishing a notice in the Federal Register. The Federal Register notice requirement does not apply in emergency situations when extraordinary measures must be taken to preserve values that would otherwise be lost, but for the withdrawal. 43 U.S.C. § 1714(e). Notice of such emergency or extraordinary action must be filed with the House of Representatives Committee on Natural Resources and the Senate Committee on Energy and Natural Resources of the Senate. *Id.*

57.     Plaintiffs believe and therefore allege that Defendants have taken no such emergency withdrawal action in which they published notice in the Federal Register or filed with the requisite House and Senate committees.

58.     Moreover, Defendants have not revoked or voided the Moab, Price, or Vernal RMPs.

59.     FLPMA provides that administrative decisions affecting public lands are subject to judicial review. *See* 43 U.S.C. § 1701(b).

**Federal Oil and Gas Leasing Regulations.**

60.     Departmental regulations authorize the BLM, including the Utah BLM, to hold quarterly lease sales. Such sales are by competitive bids, notice for which is to be given at least 45 days prior to the sale. 43 C.F.R. § 3120.4-1. Lease sale notice identify by parcel number the lands to be offered, lease serial number to be assigned, and the time and place of the sale.

61.     Bidders at the lease sale must sign a form constituting certification of compliance with federal regulations, which form when signed "constitutes a binding lease offer . . . ." 43 C.F.R. § 3120.4-1.

62. High bidders must pay at the Lease Sale the minimum bonus bid ($2.00 per acre), the first-year rental, and the processing and administrative fees. 43 C.F.R.§3120.5-2. The balance of the bonus bid must be paid within ten working days of the lease sale. *Id.*

63. Following receipt of by the BLM of the balance of the bonus bid, "the lease shall be awarded to the highest responsible qualified bidder. 30 U.S.C. §226(B)(1)(A).

64. The Notice of Lease Sale, as amended, provides that the Utah BLM "reserve[s] the right to withdraw any or all parcels before the sale begins. If we withdraw a parcel, we will post a notice in the Utah State Office Business Information Center (Public Room) before the day of the sale." *See* Exhibit "B" hereto at 2. No provision is made in the governing statutes, the leasing regulations, or the Notice of Lease Sale for withdrawal after the date of the sale and payment of all fees.

65. Further, the Notice of Lease Sale provides that once the high bidder has paid the bonus bids, first-year rental, and fees, the high bidders are bound by the lease bid and a contract is in place giving rise to forfeiture to payments if the bidder refuses to accept the lease. *See* Exhibit "B" hereto at 2.

66. Each BLM Moab, Price, and Vernal Field Offices performed the requisite NEPA Adequacy reviews and determined that each of the Lease Parcels met the standards of the Moab, Price, and Vernal RMPs, and accompanying Environmental Impact Statements, respectively for leasing at the Lease Sale.

67. Defendant Sierra met with National Park Service ("**NPS**") Regional Director Mike Snyder regarding the NPS's concerns for parcels in the vicinity of national parks. The Utah BLM withdrew 16 parcels from the Lease Sale in direct response to the concerns.

## FIRST CAUSE OF ACTION

### (Violation of Mineral Leasing Act—Lease Issuance within 60 Days)

68.    Plaintiffs reallege Paragraphs 1 through 67 of this Complaint and incorporate them into this First Cause of Action by reference.

69.    The Secretary, including Defendant Salazar, must issue oil and gas lease sale lands to the highest responsible qualified bidder by competitive bidding.    30 U.S.C. § 226(b)(1)(a).

70.    Leases must be issued within 60 day following payment by the successful bidder of the remainder of the bonus bids. *See* U.S.C. § 226(b)(1)(A).

71.    The Mineral Leasing Act does not provide for tolling of the 60-day obligation in the face of lease sale protests and the Secretary, including Defendant Salazar, must issue leases to the highest, responsible, qualified bidder who complies with all filing, bidding, and payment obligations.

72.    Plaintiffs were each the highest responsible, qualified bidders for their respective Lease Parcels offered and sold by the Utah BLM at the Lease Sale.

73.    The Utah BLM accepted the Plaintiffs' bids and by accepting the payments, posting the results, and cashing all Plaintiffs' checks, and mailing the receipts.

74.    Plaintiffs satisfied all bidding, filing, and payments requirements of the Mineral Leasing Act with respect to their respective Lease Parcels, including all requirement of 30 U.C.A. § 226(b)(1)(A).    They paid the sums due at the Lease Sale and timely remitted the remainder of the bonus bids.

75.    The Mineral Leasing Act accords the Defendants no discretion to withdraw parcels or cancel leases after the Plaintiffs' have fully performed.

76.    By accepting the Plaintiffs bid, the Defendants lacked authority to withdraw the parcels and cancel the leases.

{00024088.5}                                              13

77.     By retroactively withdrawing the parcels, cancelling the lease parcel awards, refunding the bonus bids and lease payments, cancelling the leases, and failing to issue the leases, Defendants contravened Mineral Leasing Act and therefore were not in accordance with law, and were in excess of statutory jurisdiction, and short of statutory right, all in violation of the APA. *See* 5 U.S.C. § 706(2)A and (C).

### SECOND CAUSE OF ACTION

### (Violation of Mineral Leasing Act and FLPMA Resource Management Plans)

78.     Plaintiffs reallege Paragraphs 1 through 77 of this Complaint and incorporate them into this First Cause of Action by reference.

79.     The Mineral Leasing Act requires that lands be leased to the highest, responsible, qualified bidder. 30 U.S.C. § 226(b)(1)(A).

80.     FLPMA mandates that Defendant Salazar and all Defendants are to manage public lands on principles of multiple use and sustained yield. *See* 43 U.S.C. § 1701(7).

81.     Defendant Salazar and all Defendants are to manage public lands in a manner that recognizes the nation's need for domestic sources of minerals. *See* 43 U.S.C. § 1701(12). *See also* 43 C.F.R. § 3120.5-1(b) & -5.3(b).

82.     The Mineral Leasing Act requires parcels subject to a lease sale to be leased within 60 days of payment of the balance of the bonus bids.. 30 U.S.C. § 226(b)(1)(A).

83.     The Moab, Price, and Vernal RMPs, as applicable, identify Twilight, Par Five, and Lasrich Lease Parcels as open for leasing.

84.     The Utah BLM's ostensible reasons for withdrawing Plaintiffs' Lease Parcels were that they lie "at the doorstep" of national parks, were not properly analyzed, and were not properly subject to interagency consultation between the Utah BLM and NPS.

85.     The Utah BLM's reasons for withdrawing the lease parcels under the Errata dated December 2, December 12, and December 15, 2008, were to withdraw those parcels arguably deemed to have been at the "doorstep of the national parks."

86.     Plaintiffs' Lease Parcels are adjacent to or in the near vicinity of existing federal oil and gas lease. None of Plaintiffs Lease Parcels contain resources or environmental values not previously and extensively analyzed in the Moab, Price, and Vernal RMPs and accompanying Environmental Statements.

87.     Plaintiffs' Lease Parcels do not lie at the "doorstep of the national parks" and are miles removed from any National Parks or National Monuments.

88.     Defendant Salazar's articulated reasons for authorizing the Lease Parcels withdrawal flies in the face of and contradicts the Utah BLM's extensive environmental analysis and analysis of the Lease Parcels against Moab, Price, and Vernal RMPs standards.

89.     Plaintiffs believe and therefore allege that the Defendants' decision to cancel Plaintiffs' lease parcels and refund Plaintiff's bonus bids and lease payments was motivated by political considerations, considerations based upon inaccurate, unjustified, and unsubstantiated information.

90.     Defendants' decisions failed to meet the need for domestic oil and gas production, contrary to law.

91.     The Defendants decisions violate the spirit, if not the letter, of the Energy Policy Act of 2005, Pub. Law 109-58 §§ 361-362, designed to foster and promote onshore oil and gas leasing and development on the public lands and expedite leasing for oil and gas and processing of permit to drill on the public lands.

92.     Defendants' decisions to cancel Plaintiffs' Lease Parcels and retroactively refund lease payments are arbitrary, capricious, and an abuse of discretion, in violation of the APA. 5 US.C. § 706(2)(A).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that the Court:

A.      Declare that the Defendants lacked the authority on February 12, 2009 to withdraw and cancel Plaintiffs' Lease Parcels and refund the bonus bids and lease payments;

B.      Declare the February 12, 2009 withdrawals of Plaintiffs' Lease Parcels and the retroactive refund of bonus bids and lease payments as arbitrary, carious, and abuse of discretion and otherwise in violation of law;

C.      Enter an Order enjoining Defendants from taking any action that would:   (1) withdraw Plaintiffs' Lease Parcels from sale; (2) prohibit Plaintiffs' from re-depositing with Defendants all payments required und the Mineral Leasing Act for issuance of the oil and gas leases for the Plaintiffs' Lease Parcels to Plaintiffs; (3) deny reinstatement of Plaintiffs as the high bidders for their respective leases; or (4) reoffer the Plaintiffs' Lease Parcels for lease in subsequent lease sales.

D.      Enter an Order directing leases associated with Plaintiffs' Lease Parcels be issued to Plaintiffs.

E.      Enter an Order awarding Plaintiffs their costs of pursuing this action, including attorney's fees and costs, as authorized by the Equal Access to Justice Act, 28 U.S.C. § 2412(d), and any other applicable statutes.; and,

F.      Enter an granting such other relief injunctive, declaratory, or otherwise as justice may require.

DATED this 13th day of May, 2009.

LEAR & LEAR LLP

By: _____
Phillip Wm. Lear

# EXHIBIT "A"

Exhibit "A-1"



# United States Department of the Interior
BUREAU OF LAND MANAGEMENT
Utah State Office
P.O. Box 45155
Salt Lake City, UT 84145-0155
http://www.blm.gov



IN REPLY REFER TO:
3100
UT-922

CERTIFIED MAIL-Return Receipt Requested

February 12, 2009

Twilight Resources LLC
1411 E 840 N
Orem, UT 84097

Dear Twilight Resources LLC:

Twilight Resources LLC was the high bidder for oil and gas leases UTU86887, UTU86888, UTU86889, UTU86890, UTU86891, UTU86893, UTU86899, UTU86905, UTU86906, UTU86909, UTU86910 and UTU86931 at the competitive oil and gas lease sale held in this office on December 19, 2008.

The Secretary of the Interior, Ken Salazar has directed the BLM to withdraw these parcels from the December 19, 2008 Oil and Gas Lease Sale. Therefore, we are authorizing a refund in the amount of $563,755.00 for the Bonus Bids, 1st Year's Rentals and Administrative Fees.

Sincerely,

Kent Hoffman
Deputy State Director
Division of Lands and Minerals

Exhibit "A-2"



# United States Department of the Interior
BUREAU OF LAND MANAGEMENT
Utah State Office
P.O. Box 45155
Salt Lake City, UT 84145-0155
http://www.blm.gov



TAKE PRIDE®
IN**A**MERICA

IN REPLY REFER TO:
3100
UT-922

CERTIFIED MAIL-Return Receipt Requested

February 12, 2009

Par Five Exploration LLC
1411 East 840 North
Orem, UT 84097

Dear Par Five Exploration LLC:

Par Five Exploration LLC was the high bidder for oil and gas leases UTU86935, UTU86936, UTU86937, UTU86939, UTU86940, UTU86941 and UTU86942 at the competitive oil and gas lease sale held in this office on December 19, 2008.

The Secretary of the Interior, Ken Salazar has directed the BLM to withdraw these parcels from the December 19, 2008 Oil and Gas Lease Sale. Therefore, we are authorizing a refund in the amount of $56,258.50 for the Bonus Bids, 1st Year's Rentals and Administrative Fees.

Sincerely,

Kent Hoffman
Deputy State Director
Division of Lands and Minerals

# EXHIBIT "B"



**United States Department of the Interior**
BUREAU OF LAND MANAGEMENT
Utah State Office
P.O. Box 45155
Salt Lake City, UT 84145-0155
http://www.blm.gov



**November 4, 2008**

**Notice of Competitive Lease Sale**
**Oil and Gas**

We are pleased to announce that we will offer for competitive sale certain Federal lands in the State of Utah for oil and gas leasing.  This notice describes-

- The time and place of the sale;
- How to participate in the bidding process;
- The sale process;
- The conditions of the sale;
- How to file a noncompetitive offer after the sale;
- How to file a presale noncompetitive offer.
- How to file a protest.

Attached to this notice is a list of the lands we are offering by serial number, parcel number and description.  We have included any special conditions or restriction that will be made a part of the lease below each parcel. For your convenience, we are including copies of the bid form and the lease form.  A map showing the sale parcels, the list of lands and the shape files are also available at our public internet site:
http://www.blm.gov/ut/st/en/prog/energy/oil_and_gas/oil_and_gas_lease.html

**When and where will the sale take place?**

**When**: The competitive oral sale will begin at 10:00 a.m. on Friday, December 19, 2008, following the Geothermal Lease sale.  You can register and get your bidding number starting at 8 a.m. at the registration table located in the 5th Floor elevator lobby.

We will hold the sale at the Bureau of Land Management State Office, 3 Gateway Building, 440 West 200 South, Fifth Floor, Monument Conference Room 532, Salt Lake City, Utah.  There are parking facilities at the building.

**Access:** The sale room is accessible to persons with disabilities.  If you need an auxiliary aid or service to participate in the sale, such as sign language interpreter or materials in an alternate format, contact Teresa Thompson (801) 539-4047, by December 8, 2008.

1

## How do I participate in the bidding process?

To participate in the bidding process, you must register for and get a bidding number. We will begin registering bidders at 8 a.m. on the day of the sale. You must display your bid number to the auctioneer when you submit a bid. What is the sale process?

Starting at 10:00 a.m. on the day of the sale-

- The auctioneer will offer the parcels in the order they are shown in the attached list;
- All bids are on a per-acre basis for the entire acreage in the parcel;
- The winning bid is the highest oral bid equal to or exceeding the minimum acceptable bid; and
- The decision of the auctioneer is final.

The minimum bid BLM can accept is $2 per acre. If a parcel contains fractional acreage, round it up to the next whole acre. For example, a parcel of 100.51 acres requires a minimum bid of $2 ($2 x 101 acres). After we have offered all the parcels, you may ask the auctioneer to re-offer any unsold parcels.

## What conditions apply to the lease sale?

**• Parcel withdrawal or sale cancellation:** We reserve the right to withdraw any or all parcels before the sale begins. If we withdraw a parcel, we will post a notice in the Utah State Office Business Information Center (Public Room) before the day of the sale. We will announce withdrawn parcels before beginning the sale. If we cancel the sale, we will notify you as soon as possible.

**• Payment due:** You cannot withdraw a bid. Your bid is a legal binding commitment to sign the bid form, accept the lease, and pay the money due on the day of the sale. You may pay immediately after the sale, but you must pay at least the annual rental, administrative fee and the minimum bonus bid by 4:30 p.m. on the date of the sale at our Accounting Office on the 5th floor of the State Office. You must pay any balance due by the close of business on January 6, 2009, which is the 10th working day following the sale. If you do not pay in full by this date, you lose the right to the lease and all money due on the day of the sale. If you forfeit a parcel, we may offer it at a later sale.

In accordance with 43 CFR 3120.5-2(b) for each parcel you win, the money due the day of the sale is the minimum bonus bid deposit of $2 per acre or fraction thereof, the total amount of the first year's rental ($1.50 per acre); and an administrative fee of $140.

**• Forms of payment:** You can pay by personal check, certified check, money order, credit card (Discover, Visa, American Express or MasterCard only). Make checks payable to: **Department of the Interior-BLM.** We cannot accept cash. If a check you have sent to us in the past has been returned for insufficient funds, we may ask that you give us a guaranteed payment, such as a certified check. If you pay by credit card and the transaction is refused, we will try to notify you early enough so that you can make other payment arrangements. However, we cannot grant you any extension of time to pay the money that is due the day of the sale.

2

**Limitations on Credit Cards and Debit Payments**
Per IM No. BC-2005-008, Change 1, dated December 13, 2004, effective February 1, 2005 credit or debit cards can not be used for any amount in excess of $99,999.99 for any purpose.

• **Bid form:** On the day of the sale, if you are a successful bidder you must give us a properly completed and signed competitive bid form (Form 3000-2, January 2007) with your payment. This form is a legally binding offer by the prospective lessee to accept a lease and all its terms and conditions. Once the form is signed, you cannot change it. We will not accept any bid form that has information crossed out or is otherwise altered.

We recommend you get a copy of the bid form and complete it prior to the sale. Your completed bid form certifies that:

(1) You and the prospective lessee are qualified to hold an oil and gas lease under our regulations at 43 CFR 3102.5-2; and

(2) Both of you have complied with 18 U.S.C. 1860, a law that prohibits unlawful combinations, intimidation of and collusion among bidders.

A copy of the bid form is included with this notice.

• **Lease Issuance:** After we receive the bid form and all the money due, we can issue the lease. Usually, a lease is effective the first day of the month following the month in which we sign it. If you want your lease to be effective the first day of the month in which we sign it, you must ask us in writing to do this. We have to receive your request before we sign the lease.

• **Lease terms:** A lease issued as a result of this sale will have a primary term of 10 years. It will continue beyond its primary term as long as oil or gas in paying quantities is produced on or for the benefit of the lease. Rental at $1.50 per acre for the first 5 years ($2 per acre after that) is due on or before the anniversary date each year until production begins. Once a lease is producing, you must pay a royalty of 12.5 percent on the production. You will find other lease terms on our standard lease form (Form 3100-11, July 2006).

• **Stipulations:** Some parcels have special requirements or restrictions, which are called stipulations. These are included with the parcel descriptions. Stipulations are part of the lease and supercede any inconsistent provisions of the lease form.

All Federal oil and gas lease rights are granted subject to applicable laws under Section 6 of the lease terms, and lessees must meet certain requirements under the Endangered Species Act, as amended, 16 U.S.C. 1531 et. Seq. In accordance with Washington Office Instruction Memorandum No. 2002-174 each parcel included in this lease sale will be subject to the attached Endangered Species Act Section 7 Consultation Stipulation.

3

In accordance with WO Instruction Memorandum No. 2005-003, *Cultural Resources and Tribal Consultation, for Fluid Minerals Leasing,* each parcel in this lease sale will be subject to the attached Cultural Resource Protection Stipulation.

## How do I file a noncompetitive offer after the sale?

Lands that do not receive a bid are available on a first-come, first-served basis for a two-year period, beginning the day after the sale. If you want to file a noncompetitive offer on an unsold parcel, you must give us-

• An Offer to Lease Form properly completed and signed. **(Note: You may copy the lease form, but you must copy the four pages of the lease document onto two pages. If you copy the form on 4 pages or use an obsolete lease form, we will reject your offer. Any copy you make should be legible.)** Describe the lands in your offer as specified in our regulations at 43 CFR 3110.5, and;

• Your payment for the total of the $360 filing fee and the advanced first year's rental ($1.50 per acre). Remember to round up any fractional acreage when you calculate the amount of rental.

Put the above items in a sealed envelope marked "Noncompetitive Offer" and place the envelope in the drop box in the Utah State Office Information Access Center (Public Room). We consider all offers filed the day of a sale and the first business day after it, for any of the unsold parcels, filed at the same time. If a parcel receives more than one offer, we will hold a drawing to pick the winner. In the list of parcels, we have used an asterisk to mark any that have pending presale offers. A presale offer has priority over any offer filed after the sale.

## How do I file a noncompetitive presale offer?

Under our regulations at 43 CFR 3110.1(a), you may file a noncompetitive presale offer for lands that;

• Are available, and;
• Have not been under lease during the previous one-year period, or;
• Have not been included in a competitive lease sale within the previous two-year period.

If we do not receive a bid for the parcel that contains the lands in your offer, it has priority over any offer for that parcel filed after the sale. Your presale offer is your consent to the terms and conditions of the lease, including any additional stipulations. If you want to file a presale offer, follow the directions listed for filing a noncompetitive offer after the sale.

## When is the next competitive oil and gas lease sale scheduled?

We have tentatively scheduled our next competitive sale for February 24, 2009.

**How can I find out the results of this sale?**

We will post the sale results in the Utah State Office Information Access Center. You can buy ($5) a printed copy of the results list the Utah State Office Information Access Center. The list will also be available at our public internet site:
http://www.blm.gov/ut/st/en/prog/energy/oil_and_gas/oil_and_gas_lease.html

**May I protest BLM's decision to offer the lands in this notice for lease?**

Yes, under regulation 43 CFR 3120.1-3, you may protest the inclusion of a parcel listed in this sale notice. All protest must meet the following requirements:

- We must receive a protest no later than close of business on the 15th calendar day prior to the date of the sale. If our office is not open on the 15th calendar day prior to the date of the sale, a protest received on the next day our office is open to the public will be considered timely filed. The protest must also include any statement of reasons to support the protest. We will dismiss a late-filed protest or a protest filed without a statement of reasons.
- A protest must state the interest of the protesting party in the matter.
- You may file a protest either by mail in hardcopy form or by telefax and must be received in our office by 4:30 pm on December 4, 2008. You may not file a protest by electronic mail. A protest filed by fax must be sent to (801) 539-4237. A protest sent to a fax number other than the fax number identified or a protest filed by electronic mail will be dismissed.
- If the party signing the protest is doing so on behalf of an association, partnership or corporation, the signing party must reveal the relationship between them. For example, unless an environmental group authorizes an individual member of its group to act on their behalf, the individual cannot make a protest in the group's name.

**If BLM receives a timely protest of a parcel advertised on this Sale Notice, how does it affect bidding on the parcel?**

We will announce receipt of any protest at the beginning of the sale. We will also announce a decision to either withdraw the parcel or proceed with offering it at the sale.

**If I am the high bidder at the sale for a protested parcel, when will BLM issue my lease?**

We will make every effort to decide the protest within 60 days after the sale. We will issue no lease for a protested parcel until the State Director makes a decision on the protest. If the State Director denies the protest, we will issue your lease concurrently with that decision.

**If I am the successful bidder of a protested parcel, may I withdraw my bid and receive a refund of my first year's rental and bonus bid?**

If we uphold a protest and withdraw the parcel from leasing, we will refund your first year's rental, bonus bid and administrative fee. If the decision upholding the protest results in additional stipulations, we will offer you an opportunity to accept or reject the lease with the additional stipulations prior to lease issuance. If you do not accept the additional stipulations, we will reject your bid and we will refund your first year's rental, bonus bid and administrative fee.

**If BLM's decision to uphold the protest results in additional stipulations, may I appeal that decision?**

Yes, you may. Note: an appeal from the State Director's decision must meet the requirements of Title 43 CFR 4.411 and Part 1840.

**May I appeal BLM's decision to deny my protest?**

Yes, you may. Note: an appeal from the State Director's decision must meet the requirements of Title 43 CFR 4.411 and Part 1840.

**May I withdraw my bid if the protestor files an appeal?**

No. If the protestor appeals our decision to deny the protest, you may not withdraw your bid. We will issue your lease concurrently with the decision to deny the protest. If resolution of the appeal results in lease cancellation, we will authorize a refund of the bonus bid, rentals and administrative fees:

- There is no evidence that the lessee(s) derived any benefit from possession of the lease during the time they held it, and;
- There is no indication of bad faith or other reasons not to refund the rental, bonus bid and administrative fee.

For more information, please contact Teresa Thompson at (801) 539-4047.


/s/ Kent Hoffman

Kent Hoffman
Deputy State Director
Division of Lands and Minerals

6



**United States Department of the Interior**
**BUREAU OF LAND MANAGEMENT**
Utah State Office
P.O. Box 45155
Salt Lake City, UT 84145-0155
http://www.blm.gov/ut/st/en.html



IN REPLY REFER TO:
3100
(UT-922)

## Cultural Resource Protection – Lease Stipulation

"This lease may be found to contain historic properties and/or resources protected under the National Historic Preservation Act (NHPA), American Indian Religious Freedom Act, Native American Graves Protection and Repatriation Act, E.O. 13007, or other statutes and executive orders. The BLM will not approve any ground disturbing activities that may affect any such properties or resources until it completes its obligations under applicable requirements of the NHPA and other authorities. The BLM may require modification to exploration or development proposals to protect such properties, or disapprove any activity that is likely to result in adverse effects that cannot be successfully avoided, minimized or mitigated."

## Threatened and Endangered Species Act Stipulation

The lease area may now or hereafter contain plants, animals or their habitats determined to be threatened, endangered, or other special status species. BLM may recommend modifications to exploration and development proposals to further its conservation and management objective to avoid BLM-approved activity that would contribute to a need to list such species or their habitat. BLM may require modifications to or disapprove proposed activity that is likely to result in jeopardy to the continued existence of a proposed or listed threatened or endangered species or result in the destruction or adverse modification of a designated or proposed critical habitat. BLM will not approve any ground-disturbing activity until it completes its obligations under applicable requirements of the Endangered Species Act as amended, 16 U.S.C. 1531 et seq. including completion of any required procedure for conference or consultation.



**United States Department of the Interior**
**BUREAU OF LAND MANAGEMENT**
Utah State Office
P.O. Box 45155
Salt Lake City, UT 84145-0155
http://www.blm.gov/ut/st/en.html



IN REPLY REFER TO:
3100
(UT-922)

## NOTICE TO LESSEE

Provisions of the Mineral Leasing Act (MLA) of 1920, as amended by the Federal Coal Leasing Amendments Act of 1976, affect an entity's qualifications to obtain an oil and gas lease.  Section 2(a)(2)(A) of the MLA, 30 U.S.C. 201(a)(2)(A), requires that any entity that holds and has held a Federal Coal Lease for 10 years beginning on or after August 4, 1976, and which is not producing coal in commercial quantities from each such lease, cannot qualify for the issuance of any other lease granted under the MLA. Compliance by coal lessees with Section 2(a)(2)(A) is explained in 43 CFR 3472.

In accordance with the terms of this oil and gas lease with respect to compliance by the initial lessee with qualifications concerning Federal coal lease holdings, all assignees and transferees are herby notified that this oil and gas lease is subject to cancellation if: (1) the initial lessee as assignor or as transferor has falsely certified compliance with Section 2(a)(2)(A) because of a denial or disapproval by a State Office of a pending coal action, i.e., arms-length assignment, relinquishment, or logical mining unit, the initial lessee as assignor or as transferor is no longer in compliance with Section 2(a)(2)(A).  The assignee or transferee does not qualify as a bona fide purchaser and, thus, has no rights to bona fide purchaser protection in the event of cancellation of this lease due to noncompliance with Section 2(a)(2)(A).

Information regarding assignor or transferor compliance with Section 2(a)(2)(A) is contained in the lease case file as well as in other Bureau of Land Management records available through the State Office issuing this lease.



**United States Department of the Interior**
BUREAU OF LAND MANAGEMENT
Utah State Office
P.O. Box 45155
Salt Lake City, UT 84145-0155
http://www.blm.gov/ut/st/en.html



IN REPLY REFER TO:
3100
(UT-922)

## PUBLIC NOTICE

Bidders are reminded that a bid shall not be withdrawn and shall constitute a legally binding commitment to execute the lease bid form and accept a lease, including the obligation to pay the bonus bid, first year's rental, and administrative fee. There have been cases in past oral auctions where the minimum deposit due from the high bidder on the day of the auction was not paid, or was paid by check drawn on an account with insufficient funds. The Bureau of Land Management will be closely monitoring situations of this nature to determine whether further measures should be initiated to protect the integrity of the system.

## BIDDER REGISTRATION FORM
## COMPETITIVE OIL AND GAS LEASE SALE

By completing this form, I certify that the undersigned, or the principal party whom the undersigned is acting on behalf of, is in compliance with the applicable regulations and leasing authorities governing a bid and subsequent lease.

I certify that any bid submitted by the undersigned or on behalf of the principal party is a good faith intention by the undersigned or the principal party to acquire an oil and gas lease on the offered lands.  Further, I acknowledge that if a bid is declared the high bid, it will constitute a legally binding commitment to execute BLM Form 3000-2 and to accept the lease.  Additionally, if a bid is declared the high bid, the undersigned or the principal party will pay to the Bureau of Land Management by the close of official business hours on the day of the auction, or such other time as may be specified by the authorized officer, an amount at least equal to minimum monies owed the day of sale for that bid, as set out in applicable regulations.  Further, the undersigned or the principal party acknowledge that these monies are due to the Bureau of Land Management, whether or not a lease is subsequently issued as a result of the winning bid.

It is a crime under 18 U.S.C. 1001 and 43 U.S.C. 1212 for any person to knowingly and willfully make any false, fictitious or fraudulent statements or representations as to any matter within its jurisdiction.

**A separate form is required for each company or individual you are representing.**

Please fill in the company/individual name and address as it will appear on the issued lease. We will send a copy of the lease and billing notices to the name and address as shown below. (NOTE: Please use the same lessee name and address information on BLM Form 3000-2.)

_____

Bidder Number (leave blank)

Lessee Name: _____

Mailing Address: _____

City: _____

State: _____Zip Code: _____

Bidder Name: _____ Phone number: _____
                                                                (including area code)

Relationship to lessee: _____
(Self, Agent, Attorney-in-fact, President, etc.)

_____          _____
            Signature                             Date

11

# EXHIBIT "C"

Exhibit "C-1"



# United States Department of the Interior

BUREAU OF LAND MANAGEMENT
Utah State Office
P.O. Box 45155
Salt Lake City, UT 84145-0155
http://www.blm.gov/ut/st/en.html



IN REPLY REFER TO:
3120
(UT-922)

December 2, 2008

## ERRATA SHEET

This Errata Sheet will correct the Notice of Competitive Lease Sale scheduled to be held in our office on Friday, December 19, 2008.

1. The following parcels are being deferred for additional review:

| | |
|---|---|
| UTU86848 (UT1108-327) | T. 12 S., R. 13 E., Salt Lake |
| UTU86857 (UT1108-333) | T. 12 S., R. 14 E., Salt Lake |
| UTU86858 (UT1108-334) | T. 12 S., R. 14 E., Salt Lake |
| UTU86859 (UT1108-84) | T. 11 S., R. 15 E., Salt Lake |
| UTU86861 (UT1108-336) | T. 12 S., R. 15 E., Salt Lake |
| UTU86895 (UT1108-88) | T. 11 S., R. 17 E., Salt Lake |
| UTU86897 (UT1108-344) | T. 12 S., R. 17 E., Salt Lake |
| UTU86924 (UT1108-189) | T. 22 S., R. 20 E., Salt Lake |
| UTU86925 (UT1108-190) | T. 22 S., R. 20 E., Salt Lake |
| UTU86926 (UT1108-191) | T. 22 S., R. 20 E., Salt Lake |
| UTU86927 (UT1108-192) | T. 22 S., R. 20 E., Salt Lake |
| UTU86928 (UT1208-193) | T. 22 S., R. 20 E., Salt Lake |
| UTU86929 (UT1108-194) | T. 23 S., R. 20 E., Salt Lake |
| UTU86934 (UT1108-200) | T. 26 S., R. 21 E., Salt Lake |
| UTU86960 (UT1108-215) | T. 23 S., R. 22 E., Salt Lake |
| UTU86961 (UT1108-216) | T. 24 S., R. 22 E., Salt Lake |
| UTU86962 (UT1108-217) | T. 24 S., R. 22 E., Salt Lake |
| UTU86963 (UT1108-218) | T. 24 S., R. 22 E., Salt Lake |
| UTU86964 (UT1108-219) | T. 24 S., R. 22 E., Salt Lake |
| UTU86965 (UT1108-221) | T. 25 S., R. 22 E., Salt Lake |
| UTU86966 (UT1108-222) | T. 25 S., R. 22 E., Salt Lake |
| UTU86967 (UT1108-223) | T. 25 S., R. 22 E., Salt Lake |
| UTU86968 (UT1108-224) | T. 25 S., R. 22 E., Salt Lake |
| UTU86969 (UT1108-225) | T. 26 S., R. 22 E., Salt Lake |
| UTU86971 (UT1108-102) | T. 5 S., R. 23 E., Salt Lake |
| UTU86989 (UT1108-121) | T. 3 S., R. 24 E., Salt Lake |
| UTU86990 (UT1108-122) | T. 3 S., R. 24 E., Salt Lake |
| UTU86991 (UT1108-124) | T. 3 S., R. 24 E., Salt Lake |
| UTU86992 (UT1108-125) | T. 3 S., R. 24 E., Salt Lake |
| UTU86993 (UT1108-128) | T. 5 S., R. 24 E., Salt Lake |
| UTU86994 (UT1108-129) | T. 5 S., R. 24 E., Salt Lake |

2. The following parcels are deleted:

| | |
|---|---|
| UTU86829 (UT1108-041) | T. 13 S., R. 18 W., Salt Lake (Existing Lease) |
| UTU86840 (UT1108-321) | T. 12 S., R. 9 E., Salt Lake (Coal Conflict) |
| UTU86841 (UT1108-322) | T. 12 S., R. 9 E., Salt Lake (Coal Conflict) |
| UTU86844 (UT1108-323) | T. 12 S., R. 10 E., Salt Lake (Coal Conflict) |
| UTU86845 (UT1108-324) | T. 12 S., R. 10 E., Salt Lake (Coal Conflict) |
| UTU86846 (UT1108-325) | T. 12 S., R. 12 E., Salt Lake (Coal Conflict) |
| UTU86847 (UT1108-326) | T. 12 S., R. 12 E., Salt Lake (Coal Conflict) |
| UTU86854 (UT1108-058) | T. 13 S., R. 13 E., Salt Lake (Coal Conflict) |
| UTU86980 (UT1108-112a) | T. 12 S., R. 23 E., Salt Lake (Existing Lease) |

3. The following notices are changed for all parcels within the Fillmore Field Office:

| | | | |
|---|---|---|---|
| FFO-LN-31: Riparian Area Protection | to | FFO-LN-33: Riparian Area Protection |
| FFO-LN-32: Erodible Soils and Steep Slopes | to | FFO-LN-34: Erodible Soils and Steep Slopes |
| FFO-LN-33: Steep Slopes | to | FFO-LN-35: Steep Slopes |

4. RFO-LN-1: Light and Sound, Areas Adjacent to Capitol Reef National Park is added to the following parcels:

UTU86842 (UT1108-056)          UTU86843 (UT1108-057)

5. MBFO-LN-2: Light and Sound, Areas Adjacent to Arches National Park is added to the following parcels:

| | |
|---|---|
| UTU86909 (UT1108-174) | UTU86921 (UT1108-185) |
| UTU86916 (UT1108-180) | UTU86922 (UT1108-186) |
| UTU86917 (UT1108-181) | UTU86985 (UT1108-242) |
| UTU86918 (UT1108-182) | UTU86986 (UT1108-243) |
| UTU86919 (UT1108-183) | UTU86987 (UT1108-244) |
| UTU86920 (UT1108-184) | |

6. MBFO-LN-3: Light and Sound, Areas Adjacent to Canyonlands National Park is added to the following parcels:

| | |
|---|---|
| UTU86935 (UT1108-201) | UTU86939 (UT1108-205) |
| UTU86936 (UT1108-202) | UTU86940 (UT1108-206) |
| UTU86937 (UT1108-203) | UTU86941 (UT1108-207) |
| UTU86938 (UT1108-204) | UTU86942 (UT1108-208) |

7. VFO-LN-1 - Paleontological Resources will be attached to all parcels within the Vernal Field Office.

8. UTU86791 (Description and acreage change)
(UT1108-002)
T. 16 S., R. 1 W., Salt Lake
    Sec. 13: N2, N2SW, SESW, SE;
    Sec. 14: NE, N2NW, NWSW, N2SE;
    Sec. 23: N2NE, SWNE, NW, N2SW, SWSW, W2SE.
1,440.00 Acres
Juab County, Utah
Fillmore Field Office

9.  UTU86794 (Description and acreage change)
    (UT1108-005)
    T. 15 S., R. 2 W., Salt Lake
            Sec. 13: SW;
            Sec. 24: W2W2.
    320.00 Acres
    Juab County, Utah
    Fillmore Field Office

10. UTU86804 (Description and acreage change)
    (UT1108-015)
    T. 21 S., R. 4 W., Salt Lake
            Sec. 22: E2SE;
            Sec. 23: W2SW;
            Sec. 26: W2NW;
            Sec. 27: NE, NWNW.
    440.00 Acres
    Millard County, Utah
    Fillmore Field Office

11. UTU86805 (Description and acreage change)
    (UT1108-016)
    T. 22 S., R. 4 W., Salt Lake
            Sec. 7: E2SW, SE;
            Sec. 8: W2SW;
            Sec. 18: ALL;
            Sec. 19: Lots 3-14.
    1,170.74 Acres
    Millard County, Utah
    Fillmore Field Office

12. UTU86836 (Description and acreage change)
    (UT1108-053)
    T. 19 S., R. 2 E., Salt Lake
            Sec. 19: Lot 6;
            Sec. 22: ALL less patented mining claim;
            Sec. 27: N2NE, SWNE, W2, W2SE less patented mining claim;
            Sec. 34: N2, NESE;
            Sec. 35: S2NW, NWSW, S2S2, NESE.
    1,696.46 Acres
    Sanpete County, Utah
    Richfield Field Office

13. UTU86849 (Partially deferred)
    (UT1108-329)
    T. 12 S., R. 13 E., Salt Lake
            Sec. 4: Lots 1-4, S2N2, SW, NWSE;
            Sec. 5: All;
            Sec. 6: Lots 1-5, S2NE, SENW, SE.
    1,383.63 Acres
    Carbon County, Utah
    Price Field Office

3

14. UTU86850 (Partially deferred)
    (UT1108-328)
    T. 12 S., R. 13 E., Salt Lake
            Secs. 7 and 8: All;
            Sec. 9: Lots 2-4, W2NE. NW, N2SW, NWSE.
    1,395.45 Acres
    Carbon County, Utah
    Price Field Office


15. UTU86851 (Partially deferred)
    (UT1108-330)
    T. 12 S., R. 13 E., Salt Lake
            Sec. 15: W2NW, S2SW.
    160.00 Acres
    Carbon County, Utah
    Price Field Office


16. UTU86853 (Partially deferred)
    (UT1108-332)
    T. 12 S., R. 13 E., Salt Lake
            Sec. 21: Lots 1- 3, 6-8, SWNE, SENW, E2SW, W2SE, SESE;
            Sec. 22: Lots 2- 4, SWNE, S2NW, SW, W2SE, SESE.
    1,046.77 Acres
    Carbon County, Utah
    Price Field Office


17. UTU86856 (Partially deferred)
    (UT1108-83)
    T.11 S., R. 14 E., Salt Lake
            Sec. 30: Lots 3, 4.
    108.22 Acres
    Duchesne County, Utah
    Vernal Field Office


18. UTU86860 (Partially deferred)
    (UT1108-335)
    T. 12 S., R. 15 E., Salt Lake
            Sec. 1: Lot 3, N2SW.
    119.08 Acres
    Carbon County, Utah
    Price Field Office


19. UTU86876 (Partially deferred)
    (UT1108-86)
    T. 11 S., R. 16 E., Salt Lake
            Sec. 25: NWNW, SENW;
            Sec. 26: NENW;
            Sec. 33: N2;
            Sec. 34: N2;
            Sec. 35: NW.
    920.00 Acres
    Duchesne County, Utah
    Vernal Field Office

20. UTU86877 (Partially deferred)
    (UT1108-87)
    T. 11 S., R. 16 E., Salt Lake
            Sec. 33: W2SW;
            Sec. 34: SWSW.
    120.00 Acres
    Duchesne County, Utah
    Vernal Field Office


21. UTU86878 (Partially deferred)
    (UT1108-337)
    T. 12 S., R. 16 E., Salt Lake
            Sec. 5: Lots 1-4, N2SW, SESW, SE.
    438.48 Acres
    Carbon County, Utah
    Price Field Office


22. UTU86879 (Partially deferred)
    (UT1108-338)
    T. 12 S., R. 16 E., Salt Lake
            Sec. 6: Lots 1, 2, N2SE.
    159.08 Acres
    Carbon County, Utah
    Price Field Office


23. UTU86880 (Partially deferred)
    (UT1108-339)
    T. 12 S., R. 16 E., Salt Lake
            Sec. 11: S2SE;
            Sec. 13: W2NW, S2.
    480.00 Acres
    Carbon County, Utah
    Price Field Office


24. UTU86881 (Partially deferred)
    (UT1108-340)
    T. 12 S., R. 16 E., Salt Lake
            Sec. 14: N2NE, S2S2;
            Sec. 15: E2W2, W2SE, SESE.
    520.00 Acres
    Carbon County, Utah
    Price Field Office


25. UTU86882 (Partially deferred)
    (UT1108-341)
    T. 12 S., R. 16 E., Salt Lake
            Sec. 22: E2, E2W2;
            Sec. 23: All;
            Sec. 24: N2, SW, N2SE.
    1,680.00 Acres
    Carbon County, Utah
    Price Field Office

26. UTU86886 (Description and acreage change)
    (UT1108-355)
    T. 14 S., R. 16 E., Salt Lake
            Sec. 4: SW;
            Sec. 5: Lots 1-4, S2N2, NESW, N2SE;
            Sec. 6: All;
            Sec. 9: N2NW;
            Sec. 13: NWSW;
            Sec. 14: SWNW, S2;
            Sec. 15: SENE, SE;
            Sec. 18: SE.
    2,063.83 Acres
    Carbon County, Utah
    Price Field Office


27. UTU86896 (Partially deferred)
    (UT1108-343)
    T. 12 S., R. 17 E., Salt Lake
            Sec. 7: Lot 1, NE, E2NW;
            Sec. 9: SW, W2SE, SESE.
    555.34 Acres
    Carbon County, Utah
    Price Field Office


28. UTU86898 (Partially deferred)
    (UT1108-345)
    T. 12 S., R. 17 E., Salt Lake
            Sec. 17: N2, N2S2;
            Sec. 18: Lots 2, 3, E2NE, SENW, NESW, N2SE;
            Sec. 19: Lot 1, NE, NENW, N2SE;
            Sec. 20: S2SW;
            Sec. 21: N2, N2SW, SWSW.
    1,626.83 Acres
    Carbon County, Utah
    Price Field Office

29. UTU86899 (Parcel split into UTU87030)
    (UT1108-164)
    T. 21 S., R. 17 E., Salt Lake
            Sec. 1: Lots 3-6, 11-14, S2NW;
            Sec. 26: E2, N2NW, S2SW excluding 26 ac in railroad R/W U-62502;
            Sec. 28: W2, SE.
    1,280.87 Acres
    Grand County, Utah
    Moab Field Office

30. UTU87030 (Parcel created from UTU86899 and stipulation added)
    (UT1108-164A)
    T. 21 S., R. 17 E., Salt Lake
        Sec. 25: S2 excluding 7 ac in railroad R/W U-62502;
    313.00 Acres
    Grand County, Utah
    Moab Field Office

    STIPULATION
    UT-S-89:        Cactus Rose Unit (UTU81653X)


31. UTU86904 (Stipulation added)
    (UT1108-169)
    T. 22 S., R. 18 E., Salt Lake
        Sec. 4: Lot 5, E2SE.
    110.37 Acres
    Grand County, Utah
    Moab Field Office

    STIPULATION
    UT-S-89:        Cactus Rose Unit (UTU81653X)


32. UTU86913 (Stipulation added)
    (UT1108-177A)
    T. 21 S., R. 19 E., Salt Lake
        Sec. 6: Lots 5-7, SESW;
        Sec. 7: Lots 1-8, E2W2;
        Sec. 17: S2SE;
        Secs. 18 and 19: ALL.
    2,186.59 Acres
    Grand County, Utah
    Moab Field Office

    STIPULATION
    UT-S-89:        Salt Valley Anticline Unit (UTU84389X)


33. UTU86930 (Stipulation added)
    (UT1108-196)
    T. 24 S., R. 20 E., Salt Lake
        Secs. 17, 18, 19 and 20: All.
    2,214.24 Acres
    Grand County, Utah
    Moab Field Office

    STIPULATION
    MBFO-CSU-3:  SWSW of Sec. 19; S2 of Sec.20.

34. UTU86931 (Stipulation added)
    (UT1108-197)
    T. 24 S., R. 20 E., Salt Lake
          Secs. 21, 29, 30 and 31: All.
    2,216.68 Acres
    Grand County, Utah
    Moab Field Office

    STIPULATION
    MBFO-CSU-3: SWSW of Sec. 21; Sec. 29; Sec. 30; Sec. 31.


35. UTU86935 (Stipulation added)
    (UT1108-201)
    T. 28 S., R. 21 E., Salt Lake
          Secs. 25, 26 and 27: All.
    1,920.00 Acres
    Grand County, Utah
    Moab Field Office

    STIPULATION
    MBFO-CSU-3: SWSW of Sec.27.


36. UTU86938 (Acreage change)
    (UT1108-204)
    T. 29 S., R. 21 E., Salt Lake
          Sec. 9: W2NW.
    80.00 Acres
    San Juan County, Utah
    Moab Field Office


37. UTU86970 (Partially deferred, stipulations added)
    (UT1108-101)
    T. 4 S., R. 23 E., Salt Lake
          Sec. 31: SENW;
          Sec. 33: Lots 7, 8, NW, NWSW.
    330.72 Acres
    Uintah County, Utah
    Vernal Field Office

    STIPULATIONS
    VFO-15:       Light and Sound: Area adjacent to Dinosaur National Monument.
    VFO-22:       VRM Class II in Lots 7, 8, NW, NWSW of Sec. 33.


38. UTU86973 (Parcel split into UTU87031)
    (UT1108-104)
    T. 6 S., R. 23 E., Salt Lake
          Sec. 25: All.
    581.36 Acres
    Uintah County, Utah
    Vernal Field Office

8

39. UTU87031 (Parcel created from UTU86973 and stipulation added)
(UT1108-104A)
T. 6 S., R. 23 E., Salt Lake
    Sec. 26: S2N2;
    Sec. 28: Lots 1-4, S2N2, W2SW;
    Sec. 33: All.
1,156.56 Acres
Uintah County, Utah
Vernal Field Office

STIPULATION
UT-S-89:        North Walker Hollow Unit (UTU85529X)


40. UTU86974 (Parcel split into UTU87032 and stipulation added)
(UT1108-105)
T. 7 S., R. 23 E., Salt Lake
    Sec. 4: NWSW.
40.00 Acres
Uintah County, Utah
Vernal Field Office

STIPULATION
UT-S-89:        North Walker Hollow Unit (UTU85529X)


41. UTU87032 (Parcel created from UTU86974)
(UT1108-105A)
T. 7 S., R. 23 E., Salt Lake
    Sec. 4: SE.
160.00 Acres
Uintah County, Utah
Vernal Field Office


42. UTU86979 (Description and acreage amended)
(UT1108-112)
T. 12 S., R. 23 E., Salt Lake
    Sec. 19: Lots 1-4, W2E2NENE, W2NENE, W2NE, W2NESENE, W2SENE, SESENE, E2W2, SE;
    Sec. 20: SWSWNWSW, W2W2SWSW, SESWSWSW; Sec. 29: W2W2NW, W2E2SWNW,
        SENENWSW, W2NWSW, W2E2NWSW, SENWSW, SWSW, W2SWSESW;
    Sec. 30: All;
    Sec. 31: Lots 1-4, NE, E2W2, W2SE.
1,910.34 Acres
Uintah County, Utah
Vernal Field Office


43. UTU86985 (Partially deferred)
(UT1108-242)
T. 24 S., R. 23 E., Salt Lake
    Sec. 2: Lot 4;
    Sec. 4: Lots 1, 2, 6, 7, S2NE, E2SW, SE;
    Sec. 5: Lots 6, 7, W2SE.
600.41 Acres
Grand County, Utah
Moab Field Office

44. UTU86986 (Partially deferred)
    (UT1108-243)
    T. 24 S., R. 23 E., Salt Lake
            Sec. 8: Lots 1-4, W2E2, E2SW;
            Sec. 9: Lots 4-6;
            Sec. 17: NENW, S2NW, SW.
    784.60 Acres
    Grand County, Utah
    Moab Field Office


45. UTU86987 ( Partially deferred)
    (UT1108-244)
    T. 24 S., R. 23 E., Salt Lake
            Sec. 18: S2NE, NESE.
    120.00 Acres
    Grand County, Utah
    Moab Field Office


46. UTU86995 (Stipulation added)
    (UT1108-130)
    T. 5 S., R. 24 E., Salt Lake
            Sec. 22: N2NW.
    80.00 Acres
    Uintah County, Utah
    Vernal Field Office

    STIPULATION
    VFO-22:         VRM Class II in the N2NW of Sec. 22.


47. UTU86996 (Stipulation added)
    (UT1108-131)
    T. 5 S., R. 24 E., Salt Lake
            Sec 25: SENE, SE.
    200.00 Acres
    Uintah County, Utah
    Vernal Field Office

    STIPULATION
    VFO-22:         VRM Class II in the SENE, SE of Sec. 25.


48. UTU86997 (Stipulation added)
    (UT1108-132)
    T. 5 S., R. 24 E., Salt Lake
            Sec. 29: N2NW.
    80.00 Acres
    Uintah County, Utah
    Vernal Field Office

    STIPULATION
    VFO-22:         VRM Class II in the E2N2NW of Sec. 29.


10

49. UTU86701 (Parcel split into UTU87033)
    (UT1108-137)
    T. 10 S., R. 24 E., Salt Lake
            Sec. 6: Lots 1-7;
            Secs. 7 and 8: All;
            Sec. 19: E2;
            Sec. 20: NW;
            Sec. 29: NW.
    2,194.46 Acres
    Uintah County, Utah
    Vernal Field Office

50. UTU87033 (Parcel created from UTU86701 and stipulation added)
    (UT1108-137A)
    T. 10 S., R. 24 E., Salt Lake
            Sec. 25: W2W2.
    160.00 Acres
    Uintah County, Utah
    Vernal Field Office

    STIPULATION
    UT-S-89:         Asphalt Unit (UTU84718X)

51. UTU87006 (Parcel split into UTU87034 and stipulation added)
    (UT1108-142)
    T. 15 S., R. 24 E., Salt Lake
            Sec.1: All;
            Sec.11: N2NE, SENE;
            Sec.12: All.
    1,406.46 Acres
    Uintah County, Utah
    Vernal Field Office

    STIPULATION
    UT-S-89:         Gorge Spring Unit (UTU80902X)

52. UTU87034 (Parcel created from UTU87006)
    (UT1108-142A)
    T. 15 S., R. 24 E., Salt Lake
            Sec.3: Lots 1-6, S2N2, N2SW, SE;
            Sec.18: Lots 3, 4, NESW, SE.
    909.23 Acres
    Uintah County, Utah
    Vernal Field Office

53. UTU87009 (Stipulation added)
    (UT1108-143)
    T. 5 S., R. 25 E., Salt Lake
        Sec. 1: All;
        Sec. 11: NENE;
        Sec. 12: Lots 1-3, NWNW, SWNW.
    519.49 Acres
    Uintah County, Utah
    Vernal Field Office

    STIPULATION
    VFO-22:         VRM Class II in Sec. 1; NENE of Sec. 11; Lots 1-3, NWNW, SWNW of Sec. 12.


54. UTU87010 (Stipulation added)
    (UT1108-144)
    T. 5 S., R. 25 E., Salt Lake
        Sec. 3: All
        Sec. 4: Lots 1-3, S2NE, SENW, NESW, SE
        Sec. 9: NE
        Sec. 10: N2, SE, E2SW.
    1,774.63 Acres
    Uintah County, Utah
    Vernal Field Office

    STIPULATION
    VFO-22:         VRM Class II in SENW, E2SW, S2SE of Sec.10.


55. UTU87011 (Stipulation added)
    (UT1108-145)
    T. 5 S., R. 25 E., Salt Lake
        Sec. 7: SWSW.
    40.00 Acres
    Uintah County, Utah
    Vernal Field Office

    STIPULATION
    VFO-22:         VRM Class II in the SWSW of Sec. 7.


56. UTU87012 (Stipulation added)
    (UT1108-146)
    T. 5 S., R. 25 E., Salt Lake
        Sec. 14: N2, N2SW, SWSW;
        Sec. 15: N2, SE, N2SW, SESW.
    1,040.00 Acres
    Uintah County, Utah
    Vernal Field Office

    STIPULATION
    VFO-22:         VRM Class II in the W2E2, NW, N2SW, SESW of Sec. 15.

57. UTU87013 (Stipulation added)
   (UT1108-147)
   T. 5 S., R. 25 E., Salt Lake
       Sec. 18: NW, SWNE, W2SE, N2SW, SESW;
       Sec. 20: SWSW.
   440.00 Acres
   Uintah County, Utah
   Vernal Field Office

   STIPULATION
   VFO-22:       VRM Class II in the NW, SWNE, W2SE, N2SW, SESW of Sec. 18; SWSW of Sec. 20.

58. The following stipulations / notices are added or changed:

| | |
|---|---|
| MBFO-CSU-5 | **CONDITIONAL SURFACE USE STIPULATION-SAGE GROUSE LEK**<br>If Gunnison sage-grouse leks are discovered within sage-grouse habitat, no surface disturbing activities will be allowed within 0.6 miles of a lek .<br>**Purpose:** To protect occupied lek sites within Gunnison sage-grouse habitat.<br>**Exception:** An exception may be granted by the Field Manager if the operator submits a plan which demonstrates that impacts from the proposed action can be adequately mitigated.<br>**Modification:** The Field Manager may modify the boundaries of the stipulation area if: (1) portions of the area do not include lek sites, or (2) the lek site(s) have been completely abandoned or destroyed, or (3) occupied lek site(s) occur outside the current defined area, as determined by the BLM.<br>**Waiver:** A waiver may be granted if there are no active lek site(s) in the leasehold and it is determined the site(s) have been completely abandoned or destroyed or occur outside current defined area, as determined by the BLM. |
| UT-S-89 | The successful bidder will be required to join the _____ Unit Agreement or show reason why a joiner should not be required. |
| MBFO-LN-2 | **Light and Sound:**<br>**Areas Adjacent to Arches National Park**<br>Minimize noise and light pollution adjacent to Arches National Park using best available technology such as installation of multi-cylinder pumps, hospital sound reducing mufflers, and placement of exhaust systems to direct noise away from the National Park. Additionally, there would be a requirement to reduce light pollution by using methods such as limiting height of light poles, timing of lighting operations (meaning limiting lighting to times of darkness associated with drilling and work over or maintenance operations), limiting wattage intensity, and constructing light shields. However, this requirement is not applicable if it affects human health and safety. Movement of operations to mitigate sound and light impacts would be required to be at least 200 m from the Park boundary for VRM Classes II, III and IV.<br>**Exception:** An exception may be granted if a determination is made that natural barriers or view sheds would meet these mitigation objectives or if human health and safety were adversely affected.<br>**Modification:** None<br>**Waiver:** None |

| | |
|---|---|
| **MBFO-LN-3** | **Light and Sound:**<br>**Areas Adjacent to Canyonlands National Park**<br>Minimize noise and light pollution in areas adjacent with Canyonlands National Park using best available technology such as installation of multi-cylinder pumps, hospital sound reducing mufflers, and placement of exhaust systems to direct noise away from the National Park. Additionally, there would be a requirement to reduce light pollution by using methods such as limiting height of light poles, timing of lighting operations (meaning limiting lighting to times of darkness associated with drilling and work over or maintenance operations), limiting wattage intensity, and constructing light shields.<br>However, this requirement is not applicable if it affects human health and safety.<br>Movement of operations to mitigate sound and light impacts would be required to be at least 200 meters from the boundary of the National Park in areas with the objectives of Visual Resource Management classifications of II, III and IV.<br>**Exceptions:**   An exception may be granted if a determination is made that natural barriers or view sheds would meet these mitigation objectives or if human health and safety were adversely affected.<br>**Modification:** None<br>**Waiver:** None |
| **RFO-LN-1** | **Light and Sound:**<br>**Areas Adjacent to Capitol Reef National Park**<br><br>Minimize noise and light pollution in areas adjacent with Capitol Reef National Park using best available technology such as installation of multi-cylinder pumps, hospital sound reducing mufflers, and placement of exhaust systems to direct noise away from the National Park. Additionally, there would be a requirement to reduce light pollution by using methods such as limiting height of light poles, timing of lighting operations (meaning limiting lighting to times of darkness associated with drilling and work over or maintenance operations), limiting wattage intensity, and constructing light shields.<br>However, this requirement is not applicable if it affects human health and safety.<br>Movement of operations to mitigate sound and light impacts would be required to be at least 200 meters from the boundary of the National Park in areas with the objectives of Visual Resource Management classifications of II, III and IV.<br>**Exceptions:**   An exception may be granted if a determination is made that natural barriers or view sheds would meet these mitigation objectives or if human health and safety were adversely affected.<br>**Modification:** None<br>**Waiver:** None |

| | |
|---|---|
| | **VISUAL RESOURCES**<br>Visual resource management activities would comply with BLM Handbook 8410-1.<br>Stipulation code: NSO/CSU/TL<br><br>Within VRM Class I areas, very limited management activity would be allowed, with the objective of preserving the existing character of the landscape, allowing for natural ecological changes. The level of change to the landscape should be very low and must not attract attention.<br><br>Within VRM Class II areas, surface-disturbing activities would retain the existing character of the landscape. The level of change to the landscape should be low. Management activities may be seen, but should not attract the attention of the casual observer. Any change to the landscape must repeat the basic elements of form, line, color and texture found in the predominant natural features of the characteristic landscape. |
| **VFO-22** | Within VRM Class III areas, surface disturbing activities would partially retain the existing character of the landscape. The allowable level of change would be moderate, may attract attention, but should not dominate the view of the casual observer. Landscape changes should repeat the basic elements of form, line, color and texture found in the predominant natural features of the characteristic landscape.<br><br>Within VRM Class IV areas, surface disturbing activities are allowed to dominate the view and the major focus of viewer attention. Major modifications to the existing character of the landscape are allowed. But every attempt should be made to minimize and mitigate the impacts.<br><br>**Exception:** Exempted are recognized utility corridors.<br>**Modification:** None<br>**Waiver:** None |
| **VFO-LN-1** | **Paleontological Resources** - The lessee/operator is given notice that lands in this lease may have been identified as having potential paleontological resources. Modifications to the Surface Use Plan of Operations may be required in order to protect paleontological resources from surface disturbing activities in accordance with Section 6 of the lease terms and 43 CFR 3101.1-2. |

*/s/ Kent Hoffman*

Kent Hoffman
Deputy State Director
Division of Lands and Minerals

Exhibit "C-2"



# United States Department of the Interior
BUREAU OF LAND MANAGEMENT
Utah State Office
P.O. Box 45155
Salt Lake City, UT 84145-0155
http://www.blm.gov/ut/st/en.html



IN REPLY REFER TO:
3120
(UT-922)

December 12, 2008

## ERRATA SHEET

This Errata Sheet will correct the Notice of Competitive Lease Sale scheduled to be held in our office on Friday, December 19, 2008.

1.  The following parcels are being deferred for additional review:

| | |
|---|---|
| UTU86790 (UT1108-001) | T. 15 S., R. 1 W., Salt Lake |
| UTU86791 (UT1108-002) | T. 16 S., R. 1 W., Salt Lake |
| UTU86792 (UT1108-003) | T. 16 S., R. 1 W., Salt Lake |
| UTU86793 (UT1108-004) | T. 14 S., R. 2 W., Salt Lake |
| UTU86794 (UT1108-005) | T. 15 S., R. 2 W., Salt Lake |
| UTU86795 (UT1108-006) | T. 16 S., R. 2 W., Salt Lake |
| UTU86796 (UT1108-007) | T. 16 S., R. 2 W., Salt Lake |
| UTU86797 (UT1108-008) | T. 16 S., R. 2 W., Salt Lake |
| UTU86798 (UT1108-009) | T. 20 S., R. 2 W., Salt Lake |
| UTU86799 (UT1108-010) | T. 20 S., R. 2 W., Salt Lake |
| UTU86800 (UT1108-011) | T. 20 S., R. 2 W., Salt Lake |
| UTU86801 (UT1108-012) | T. 20 S., R. 3 W., Salt Lake |
| UTU86802 (UT1108-013) | T. 20 S., R. 3 W., Salt Lake |
| UTU86803 (UT1108-014) | T. 21 S., R. 4 W., Salt Lake |
| UTU86804 (UT1108-015) | T. 21 S., R. 4 W., Salt Lake |
| UTU86805 (UT1108-016) | T. 22 S., R. 4 W., Salt Lake |
| UTU86806 (UT1108-017) | T. 11 S., R. 5 W., Salt Lake |
| UTU86807 (UT1108-018) | T. 12 S., R. 5 W., Salt Lake |
| UTU86808 (UT1108-019) | T. 12 S., R. 5 W., Salt Lake |
| UTU86809 (UT1108-020) | T. 12 S., R. 5 W., Salt Lake |
| UTU86810 (UT1108-022) | T. 22 S., R. 5 W., Salt Lake |
| UTU86811 (UT1108-023) | T. 23 S., R. 5 W., Salt Lake |
| UTU86812 (UT1108-024) | T. 11 S., R. 6 W., Salt Lake |
| UTU86813 (UT1108-025) | T. 11 S., R. 6 W., Salt Lake |
| UTU86814 (UT1108-026) | T. 11 S., R. 6 W., Salt Lake |
| UTU86815 (UT1108-027) | T. 11 S., R. 6 W., Salt Lake |
| UTU86816 (UT1108-028) | T. 11 S., R. 6 W., Salt Lake |
| UTU86817 (UT1108-029) | T. 11 S., R. 6 W., Salt Lake |
| UTU86818 (UT1108-030) | T. 12 S., R. 6 W., Salt Lake |

| | |
|---|---|
| UTU86819 (UT1108-031) | T. 12 S., R. 6 W., Salt Lake |
| UTU86820 (UT1108-032) | T. 12 S., R. 6 W., Salt Lake |
| UTU86821 (UT1108-033) | T. 12 S., R. 6 W., Salt Lake |
| UTU86822 (UT1108-034) | T. 15 S., R. 12 W., Salt Lake |
| UTU86823 (UT1108-035) | T. 12 S., R. 18 W., Salt Lake |
| UTU86824 (UT1108-036) | T. 12 S., R. 18 W., Salt Lake |
| UTU86825 (UT1108-037) | T. 12 S., R. 18 W., Salt Lake |
| UTU86826 (UT1108-038) | T. 13 S., R. 18 W., Salt Lake |
| UTU86827 (UT1108-039) | T. 13 S., R. 18 W., Salt Lake |
| UTU86828 (UT1108-040) | T. 13 S., R. 18 W., Salt Lake |
| UTU86830 (UT1108-042) | T. 13 S., R. 18 W., Salt Lake |
| UTU86831 (UT1108-047) | T. 13 S., R. 19 W., Salt Lake |
| UTU86832 (UT1108-048) | T. 13 S., R. 19 W., Salt Lake |
| UTU86833 (UT1108-049) | T. 13 S., R. 19 W., Salt Lake |
| UTU86834 (UT1108-050) | T. 13 S., R. 19 W., Salt Lake |
| UTU86835 (UT1108-052) | T. 13 S., R. 1 E., Salt Lake |
| UTU86836 (UT1108-053) | T. 19 S., R. 2 E., Salt Lake |
| UTU86837 (UT1108-054) | T. 20 S., R. 2 E., Salt Lake |
| UTU86787 (UT1108-80) | T. 3 N., R. 22 E., Salt Lake |
| UTU86788 (UT1108-81) | T. 3 N., R. 23 E., Salt Lake |
| UTU86789 (UT1108-81B) | T. 3 N., R. 23 E., Salt Lake |
| UTU86945 (UT1108-90A) | T. 10 S., R. 21 E., Salt Lake |
| UTU86972 (UT1108-103) | T. 5 S., R. 23 E., Salt Lake |
| UTU86983 (UT1108-117) | T. 15 S., R. 23 E., Salt Lake |
| UTU86988 (UT1108-119) | T. 3 S., R. 24 E., Salt Lake |
| UTU86995 (UT1108-130) | T. 5 S., R. 24 E., Salt Lake |
| UTU86996 (UT1108-131) | T. 5 S., R. 24 E., Salt Lake |
| UTU86997 (UT1108-132) | T. 5 S., R. 24 E., Salt Lake |
| UTU86998 (UT1108-134) | T. 8 S., R. 24 E., Salt Lake |
| UTU86999 (UT1108-135) | T. 9 S., R. 24 E., Salt Lake |
| UTU87009 (UT1108-143) | T. 5 S., R. 25 E., Salt Lake |
| UTU87010 (UT1108-144) | T. 5 S., R. 25 E., Salt Lake |
| UTU87011 (UT1108-145) | T. 5 S., R. 25 E., Salt Lake |
| UTU87012 (UT1108-146) | T. 5 S., R. 25 E., Salt Lake |
| UTU87013 (UT1108-147) | T. 5 S., R. 25 E., Salt Lake |
| UTU87014 (UT1108-148) | T. 6 S., R. 25 E., Salt Lake |
| UTU87015 (UT1108-149) | T. 6 S., R. 25 E., Salt Lake |
| UTU87016 (UT1108-150) | T. 6 S., R. 25 E., Salt Lake |
| UTU87017 (UT1108-151) | T. 7 S., R. 25 E., Salt Lake |
| UTU87018 (UT1108-152) | T. 7 S., R. 25 E., Salt Lake |
| UTU87019 (UT1108-153) | T. 7 S., R. 25 E., Salt Lake |
| UTU87020 (UT1108-154) | T. 7 S., R. 25 E., Salt Lake |
| UTU87021 (UT1108-155) | T. 8 S., R. 25 E., Salt Lake |
| UTU86984 (UT1108-232) | T. 16 S., R. 23 E., Salt Lake |

2. The following lease numbers are changed:

UTU869969 (UT1108-135) to UTU86999
UTU86701 (UT1108-137) to UTU87001
UTU86702 (UT1108-138) to UTU87002

3. UTU86853 (Description corrected)
   (UT1108-332)
   T. 12 S., R. 13 E., Salt Lake
           Sec. 21: Lots 1-3, 6-8, S2NE, SENW, E2SW, SE;
           Sec. 22: Lots 2-4, SWNE, S2NW, SW, W2SE, SESE.
   1,046.77 Acres
   Carbon County, Utah
   Price Field Office

4. Add Notice T&E - 06: Mexican Spotted Owl to the following parcels:

       UTU86842 (UT1108-056)          UTU86885 (UT1108-350)
       UTU86843 (UT1108-057)

5. Add Stipulation MBFO-CSUTL-1: Mexican Spotted Owl to the following parcels:

       UTU86911 (UT1108-176)          UTU86954 (UT1108-209)
       UTU86912 (UT1108-177)          UTU86985 (UT1108-242)
       UTU86922 (UT1108-186)          UTU86986 (UT1108-243)
       UTU86931 (UT1108-197)          UTU86987 (UT1108-244)
       UTU86935 (UT1108-201)

6. Add Stipulation VFO-11: Special Status Spies: Graham's Beardtongue (*Penstemon grahamii*) to the following parcel:

       UTU87022 (UT1108-156)

7. Add Notice UT-LN-29: Special Status Plants: Not Federally Listed (*White River Penstemon*)to the following parcels:

       UTU87023 (UT1108-157)          UTU87024 (UT1108-158)

8. Add Stipulation MBFO-NSO-12: 100 Year Floodplain to parcel UTU86904 (UT1108-169).

9. Add Stipulation MBFO-TL-3: Greater Sage Grouse Nesting to the following parcels:

       UTU86935 (UT1108-201)          UTU86940 (UT1108-206)
       UTU86936 (UT1108-202)          UTU86941 (UT1108-207)
       UTU86938 (UT1108-204)          UTU86942 (UT1108-208)
       UTU86939 (UT1108-205)

10. Add Stipulation MBFO-TL-4: Greater Sage Grouse Winter Habitat to the following parcels:

       UTU86935 (UT1108-201)          UTU86936 (UT1108-202)

11. Add Stipulation MBFO-CSUTL-7: Greater Sage Grouse Leks to the following parcels:

UTU86935 (UT1108-201)   UTU86940 (UT1108-206)
UTU86936 (UT1108-202)   UTU86941 (UT1108-207)
UTU86938 (UT1108-204)   UTU86942 (UT1108-208)
UTU86939 (UT1108-205)

12. Add Stipulation MBFO-CSUTL-2: Bald Eagle to parcel UTU86887 (UT1108-159).

13. Add Stipulation PFO-NSO-1:Greater Sage Grouse Lek to the following parcels:

UTU86839 (UT1108-320)   UTU86862 (UT1108-348)
UTU86880 (UT1108-339)   UTU86884 (UT1108-349)

14. Add Stipulation PFO-TL-15: Greater Sage Grouse Nesting to the following parcels:

UTU86838 (UT1108-319)   UTU86881 (UT1108-340)
UTU86851 (UT1108-330)   UTU86862 (UT1108-348)
UTU86852 (UT1108-331)   UTU86885 (UT1108-349)
UTU86853 (UT1108-332)   UTU86838 (UT1108-350)
UTU86880 (UT1108-339)

15. Add Stipulation PFO-TL-16: Sage Grouse to the following parcels:

UTU86851 (UT1108-330)   UTU86879 (UT1108-338)
UTU86853 (UT1108-332)

16. Add Stipulation PFO-S-23  to the following parcels:

UTU86878 (UT1108-337)   UTU86896 (UT1108-343)

17. Add Notice UT-LN-52: Utah Sensitive Species to parcel UTU86896 (UT1108-343).

18. Add Stipulation VFO-08: Sage Grouse to the following parcels:

UTU86875 (UT1108-85)   UTU86979 (UT1108-112)
UTU86843 (UT1108-89)   UTU86983 (UT1108-117)
UTU86844 (UT1108-90)   UTU87003 (UT1108-139)
UTU86845 (UT1108-90A)   UTU87004 (UT1108-140)
UTU86949 (UT1108-94)   UTU87006 (UT1108-142)
UTU86951 (UT1108-97)   UTU86984 (UT1108-232)

19. Add Stipulation VFO-09: Sage Grouse and VFO-10: Sage Grouse to the following parcels:

UTU86875 (UT1108-85)          UTU87006 (UT1108-142)
UTU86845 (UT1108-90A          UTU86984 (UT1108-232)
UTU86983 (UT1108-117)

20. Add Notice UT-LN- 90: Migratory Bird to the following parcels:

UTU86844 (UT1108-90)          UTU86902 (UT1108-167)
UTU86970 (UT1108-101)         UTU86913 (UT1108-177A)
UTU87003 (UT1108-139)         UTU86932 (UT1108-198)
UTU87004 (UT1108-140)         UTU86933 (UT1108-199)
UTU87005 (UT1108-141)         UTU86957 (UT1108-212)
UTU87006 (UT1108-142)         UTU86958 (UT1108-213)
UTU87034 (UT1108-142A)        UTU86888 (UT1108-361)
UTU86887 (UT1108-159)         UTU86889 (UT1108-368)
UTU86893 (UT1108-162)         UTU86890 (UT1108-369)
UTU86894 (UT1108-163)         UTU86891 (UT1108-370)
UTU86901 (UT1108-166)

21. Add Notice UT-LN-91: Drinking Water Protection Zone to the following parcels:

UTU87000 (UT1108-136)         UTU86987 (UT1108-244)
UTU86916 (UT1108-180)         UTU86838 (UT1108-319)
UTU86986 (UT1108-243)

22. The following Notices are added:

| | |
|---|---|
| **UT-LN-90** | **MIGRATORY BIRD**<br>The lessee/operator is given notice that surveys for nesting migratory birds may be required during migratory bird breeding season whenever surface disturbances and/or occupancy is proposed in association with fluid mineral exploration and development within priority habitats. Surveys should focus on identified priority bird species in Utah. Field surveys will be conducted as determined by the authorized officer of the Bureau of Land Management. Based on the result of the field survey, the authorized officer will determine appropriate buffers and timing limitations. This notice may be waived, excepted, or modified by the authorized officer if either the resource values change or the lessee/operator demonstrates that adverse impacts can be mitigated. |
| **UT-LN-91** | **DRINKING WATER PROTECTION ZONE**<br>The lessee/operator is given notice that this lease parcel overlaps a drinking water protection zone for public water sources in Utah. At the time of development, drilling operators will conform to the provisions of the operational regulations and Onshore Oil & Gas Order Number 2, which requires the protection and isolation of all useable quality waters. |

| | |
|---|---|
| MBFO-TL-3 | **TIMING LIMITATION STIPULATION-GREATER SAGE GROUSE NESTING**<br>Allow no surface-disturbing activities in occupied nesting and brood rearing habitat within 2.0 miles of a lek from March 15th to July 15th.<br>**Purpose:** To protect occupied nesting and brood rearing habitat for the Greater sage-grouse.<br>**Exception:** An exception may be granted by the Field Manager if the operator submits a plan which demonstrates that impacts from the proposed action can be adequately mitigated or it is determined the brooding/nesting habitat is not active.<br>**Modification:** The Field Manager may modify the boundaries of the stipulation area if (1) portions of the area do not include brooding/nesting habitat, or (2) the brooding/nesting habitat has been completely abandoned or destroyed, or (3) occupied brooding/nesting habitat occurs outside the current defined area; as determined by the BLM.<br>**Waiver:** A waiver may be granted if there is no active brooding/nesting habitat in the leasehold and it is determined the habitat has been completely abandoned or destroyed or occurs outside the current defined area, as determined by the BLM. |
| MBFO-TL-4 | **TIMING LIMITATION STIPULATION –GREATER SAGE GROUSE WINTER HABITAT**<br>Allow no surface-disturbing activities in occupied winter habitat from November 15th to March 14th.<br>**Purpose:** To protect occupied winter habitat for the Greater sage-grouse.<br>**Exception:** An exception may be granted by the Field Manager if the operator submits a plan which demonstrates that impacts from the proposed action can be adequately mitigated or it is determined the habitat is not occupied during the winter season.<br>**Modification:** The Field Manager may modify the boundaries of the stipulation area if (1) portions of the area do not include winter habitat, or (2) the brooding/nesting habitat has been completely abandoned or destroyed, or (3) occupied winter activity occurs outside the current defined area; as determined by the BLM.<br>**Waiver:** A waiver may be granted if the winter habitat in the leasehold has been completely abandoned or destroyed or occurs outside the current defined area, as determined by the BLM. |
| MBFO-CSUTL-7 | **CONTROLLED SURFACE USE AND TIMING CONDITIONAL SURFACE USE AND TIMING LIMITATIONS STIPULATION – GREATER SAGE GROUSE  LEKS**<br>If Greater Sage-grouse leks are discovered, no surface-disturbing activities would be allowed within 0.5 miles of a lek from March 1st through May 15th, and (2) no permanent aboveground facilities would be allowed within the 0.5 miles buffer on a year-round basis.<br>**Purpose:** To protect occupied lek sites within Greater sage-grouse habitat.<br>**Exception:** An exception may be granted by the Field Manager if the operator submits a plan which demonstrates that impacts from the proposed action can be adequately mitigated.<br>**Modification:** The Field Manager may modify the boundaries of the stipulation area if (1) portions of the area do not include lek sites, or (2) the lek site(s) have been completely abandoned or destroyed, or (3) occupied lek site(s) occur outside the current defined area; as determined by the BLM.<br>**Waiver:** A waiver may be granted if there are no active lek site(s) in the leasehold and it is determined the site(s) have been completely abandoned or destroyed or occur outside current defined area, as determined by the BLM. |

*/s/ Kent Hoffman*

Kent Hoffman
Deputy State Director
Division of Lands and Minerals

bcc:   Reading File
       Central Files

TAThompson:tt:12/12/2008

Exhibit "C-3"



# United States Department of the Interior

BUREAU OF LAND MANAGEMENT
Utah State Office
P.O. Box 45155
Salt Lake City, UT 84145-0155
http://www.blm.gov/ut/st/en.html



IN REPLY REFER TO:
3120
(UT-922)

December 15, 2008

### ERRATA SHEET

This Errata Sheet will correct the Notice of Competitive Lease Sale scheduled to be held in our office on Friday, December 19, 2008.

   1.  The following parcels are being deferred for additional review:

|  |  |
|---|---|
| UTU87006 (UT1108-142) | T. 15 S., R. 24 E., Salt Lake |
| UTU87034 (UT1108-142A) | T. 15 S., R. 24 E., Salt Lake |

*/s/ Kent Hoffman*

Kent Hoffman
Deputy State Director
Division of Lands and Minerals

# EXHIBIT "D"

# Decision to Lease

Approximately 591,000 acres of public lands (371 parcels) generally available for oil and gas leasing under Bureau of Land Management (BLM) land use plans were considered for the oil and gas lease sale scheduled to be held on December 19, 2008. On November 4, 2008, approximately 359,449.92 acres on 241 parcels were proposed to be offered at the subject lease sale.

My decision is to offer approximately 163,935.26 acres on 132 parcels of BLM-administered lands with appropriate conditions and stipulations at the December 19, 2008 oil and gas lease sale.

The lands to be offered are identified by serial and parcel number on the attached list which identifies the specific conditions, terms, stipulations and notices applicable to each parcel.

All of the parcels have been reviewed to determine if existing planning and NEPA documents adequately address the issues and environmental consequences of leasing at this time. My proposal to offer parcels in the Moab, Price, Richfield and Vernal Field Offices is based on the findings and recommendations made in the relevant field offices' Determinations of NEPA Adequacy (DNAs), as modified by recommendations made by the Utah State Office Energy Support Team. Leasing of parcels within the Fillmore Field Office will be deferred until completion of Environmental Assessment UT-010-08-050 (*Oil & Gas Leasing in the Fillmore Field Office*).

Approved: _____     Date: December 12, 2008
Kent Hoffman
Deputy State Director
Division of Lands and Minerals

# EXHIBIT "E"

**Exhibit "E"**

## Bureau of Land Management
## Utah State Office
### December 2008        Sale Results

| SERIAL | PAR | NAME | ADDRESS | CITY | ST | ZIP | Bid/Acre | ACRES | Total Bonus |
|--------|-----|------|---------|------|----|----|----------|-------|-------------|
| UTU86856 | 83 | IMPOACT ENERGY RESOURCES, LLC | 621 17TH ST., #1630 | DENVER | CO | 80293 | $26.00 | 108.220 | $2,834.00 |
| UTU86875 | 85 | INTERINSIC ENERGY LLC | 621 17TH ST, #1555 | DENVER | CO | 80293 | $200.00 | 40.000 | $8,000.00 |
| UTU86876 | 86 | IMPOACT ENERGY RESOURCES, LLC | 621 17TH ST., #1630 | DENVER | CO | 80293 | $11.00 | 920.000 | $10,120.00 |
| UTU86877 | 87 | IMPOACT ENERGY RESOURCES, LLC | 621 17TH ST., #1630 | DENVER | CO | 80293 | $37.50 | 120.000 | $4,500.00 |
| UTU86943 | 89 | PEAK ROYALTY HOLDINGS, LLC | 113 GREENFIELD CIRCLE | HEBER CITY | UT | 84032 | $3.25 | 113.340 | $370.50 |
| UTU86944 | 90 | PEAK ROYALTY HOLDINGS, LLC | 113 GREENFIELD CIRCLE | HEBER CITY | UT | 84032 | $12.00 | 80.000 | $960.00 |
| UTU86946 | 91 | LAND PROFESSIONALS INC | PO BOX 790093 | VERNAL | UT | 84079 | $52.50 | 1200.040 | $63,052.50 |
| UTU86947 | 92 | MUSTANG FUEL CORP | 13439 BROADWAY EXTENSION | OKLAHOMA CITY | OK | 73114 | $55.00 | 1604.150 | $88,275.00 |
| UTU86948 | 93 | MUSTANG FUEL CORP | 13439 BROADWAY EXTENSION | OKLAHOMA CITY | OK | 73114 | $56.00 | 2388.040 | $133,784.00 |
| UTU86949 | 94 | PEAK ROYALTY HOLDINGS, LLC | 113 GREENFIELD CIRCLE | HEBER CITY | UT | 84032 | $55.00 | 1881.080 | $103,510.00 |
| UTU86950 | 96 | PEAK ROYALTY HOLDINGS, LLC | 113 GREENFIELD CIRCLE | HEBER CITY | UT | 84032 | $52.50 | 2080.000 | $109,200.00 |
| UTU86951 | 97 | PEAK ROYALTY HOLDINGS, LLC | 113 GREENFIELD CIRCLE | HEBER CITY | UT | 84032 | $52.50 | 1637.120 | $85,995.00 |
| UTU86952 | 98 | PACER ENERGY ACQ. | PO BOX 1714 | GILLETTE | WY | 82717 | $32.50 | 320.000 | $10,400.00 |
| UTU86953 | 99 | ROBERT L BAYLESS PRODR | 621 17TH ST # 1640 | DENVER | CO | 80202 | $5.00 | 520.000 | $2,600.00 |
| UTU86973 | 104 | QUESTAR EXPL & PROD CO | 1050 17TH ST., STE 500 | DENVER | CO | 80202 | $5.00 | 581.360 | $2,910.00 |
| UTU86974 | 105 | INTERNATIONAL PETROLEUM | 4834 S HIGHLAND DR #200 | SALT LAKE CITY | UT | 84117 | $55.00 | 40.000 | $2,200.00 |
| UTU86975 | 106 | QUESTAR EXPL & PROD CO | 1050 17TH ST, STE 500 | DENVER | CO | 80202 | $240.00 | 1768.240 | $424,560.00 |
| UTU86976 | 109 | ENDURING RESOURCES, LLC | 475 17TH ST., STE 1500 | DENVER | CO | 80202 | $20.00 | 2320.000 | $46,400.00 |
| UTU86977 | 110 | ENDURING RESOURCES, LLC | 475 17TH ST., STE 1500 | DENVER | CO | 80202 | $23.00 | 1280.000 | $29,440.00 |
| UTU86978 | 111 | ENDURING RESOURCES, LLC | 475 17TH ST., STE 1500 | DENVER | CO | 80202 | $16.00 | 426.290 | $6,832.00 |
| UTU86979 | 112 | ROBERT W HANAGAN | PO BOX 746 | BIG HORN | WY | 82833 | $8.00 | 1910.340 | $15,288.00 |
| UTU86981 | 115 | COCHRANE RES INC | PO BOX 1658 | ROOSEVELT | UT | 84066 | $17.00 | 640.000 | $10,880.00 |
| UTU86982 | 116 | ROBERT L BAYLESS PRODR | 621 17TH ST # 1640 | DENVER | CO | 80202 | $11.00 | 1971.000 | $21,681.00 |

*Page 1 of 6*

**Bureau of Land Management**
**Utah State Office**
December 2008          Sale Results

| SERIAL | PAR | NAME | ADDRESS | CITY | ST | ZIP | Bid/Acre | ACRES | Total Bonus |
|--------|-----|------|---------|------|----|-----|----------|-------|-------------|
| UTU87000 | 136 | SUMMIT OPERATING LLC | 1441 UTE BLVD, STE 280 | PARK CITY | UT | 84098 | $21.00 | 1599.550 | $33,600.00 |
| UTU87001 | 137 | ENDURING RESOURCES, LLC | 475 17TH ST., STE 1500 | DENVER | CO | 80202 | $270.00 | 2194.480 | $592,650.00 |
| UTU87002 | 138 | MCELVAIN OIL & GAS PROPERTIES | 1050 17TH ST # 1800 | DENVER | CO | 80265 | $5.50 | 560.000 | $3,080.00 |
| UTU87003 | 139 | ROBERT L BAYLESS PRODR | 621 17TH ST # 1640 | DENVER | CO | 80202 | $2.00 | 1395.840 | $2,792.00 |
| UTU87004 | 140 | ROBERT L BAYLESS PRODR | 621 17TH ST # 1640 | DENVER | CO | 80202 | $2.00 | 1876.720 | $3,754.00 |
| UTU87005 | 141 | LIBERTY PETRO CORP | 185 CANDLEWOOD PATH | DIX HILLS | NY | 11746 | $6.50 | 1435.320 | $9,334.00 |
| UTU87022 | 156 | LASRICH LANE | 2697 E BRIDGER BLVD. | SANDY | UT | 84093 | $2.00 | 235.740 | $472.00 |
| UTU87023 | 157 | ROBERT L BAYLESS PRODR | 621 17TH ST # 1640 | DENVER | CO | 80202 | $2.00 | 240.000 | $480.00 |
| UTU87024 | 158 | JC PETROLEUM HOLDING, LLC | 3165 E MILLROCK DR., #550 | HOLLADAY | UT | 84121 | $20.00 | 383.140 | $7,280.00 |
| UTU86887 | 159 | TWILIGHT RESOURCES LLC | 1411 E 840 N | OREM | UT | 84601 | $2.00 | 1440.000 | $2,880.00 |
| UTU86892 | 161 | TWILIGHT RES/ FIDELITY EXPL | 1411 E 840 N | OREM | UT | 84097 | $44.00 | 1280.000 | $56,320.00 |
| UTU86893 | 162 | TWILIGHT RES/ FIDELITY EXPL | 1411 E 840 N | OREM | UT | 84097 | $22.00 | 1161.980 | $25,564.00 |
| UTU86894 | 163 | IMPOACT ENERGY RESOURCES, LLC | 621 17TH ST., #1630 | DENVER | CO | 80293 | $10.50 | 200.000 | $2,100.00 |
| UTU86899 | 164 | TWILIGHT RES/ FIDELITY EXPL | 1411 E 840 N | OREM | UT | 84097 | $7.50 | 1280.870 | $9,607.50 |
| UTU86900 | 165 | TWILIGHT RES/ FIDELITY EXPL | 1411 E 840 N | OREM | UT | 84097 | $102.50 | 640.000 | $65,600.00 |
| UTU86901 | 166 | QUESTAR EXPL & PROD CO | 1050 17TH ST, STE 500 | DENVER | CO | 80202 | $190.00 | 2194.250 | $417,050.00 |
| UTU86902 | 167 | FIDELITY EXPLORATION & PROD CO | 1700 LINCOLN # 2800 | DENVER | CO | 80203 | $140.00 | 1572.170 | $220,220.00 |
| UTU86903 | 168 | QUESTAR EXPL & PROD CO | 1050 17TH ST, STE 500 | DENVER | CO | 80202 | $185.00 | 2508.070 | $464,165.00 |
| UTU86904 | 169 | TIM DECHRISTOPHER | 1434 WILSON AVE | SALT LAKE CITY | UT | 84105 | $2.25 | 110.370 | $249.75 |
| UTU86905 | 170 | TWILIGHT RES/ FIDELITY EXPL | 1411 E 840 N | OREM | UT | 84097 | $120.00 | 2026.400 | $243,240.00 |
| UTU86906 | 171 | TWILIGHT RES/ FIDELITY EXPL | 1411 E 840 N | OREM | UT | 84097 | $37.50 | 2527.920 | $94,800.00 |
| UTU86907 | 172 | TWILIGHT RES/ FIDELITY EXPL | 1411 E 840 N | OREM | UT | 84097 | $125.00 | 2560.000 | $320,000.00 |
| UTU86908 | 173 | TWILIGHT RES/ FIDELITY EXPL | 1411 E 840 N | OREM | UT | 84097 | $18.00 | 1920.000 | $34,560.00 |

**Bureau of Land Management**
**Utah State Office**
**December 2008 Sale Results**

| SERIAL | PAR | NAME | ADDRESS | CITY | ST | ZIP | Bid/Acre | ACRES | Total Bonus |
|--------|-----|------|---------|------|-----|-----|----------|-------|-------------|
| UTU86909 | 174 | TWILIGHT RES/ FIDELITY EXPL | 1411 E 840 N | OREM | UT | 84097 | $15.00 | 1903.840 | $28,560.00 |
| UTU86910 | 175 | TWILIGHT RES/ FIDELITY EXPL | 1411 E 840 N | OREM | UT | 84097 | $2.00 | 1255.700 | $2,512.00 |
| UTU86911 | 176 | ROBERT L BAYLESS PRODR | 621 17TH ST # 1640 | DENVER | CO | 80202 | $5.75 | 1280.000 | $7,360.00 |
| UTU86912 | 177 | TIM DECHRISTOPHER | 1434 WILSON AVE | SALT LAKE CITY | UT | 84105 | $11.00 | 2148.000 | $23,628.00 |
| UTU86914 | 178 | TIM DECHRISTOPHER | 1434 WILSON AVE | SALT LAKE CITY | UT | 84105 | $22.50 | 320.000 | $7,200.00 |
| UTU86915 | 179 | TIM DECHRISTOPHER | 1434 WILSON AVE | SALT LAKE CITY | UT | 84105 | $2.00 | 663.200 | $1,328.00 |
| UTU86916 | 180 | TIM DECHRISTOPHER | 1434 WILSON AVE | SALT LAKE CITY | UT | 84105 | $130.00 | 1841.040 | $239,460.00 |
| UTU86917 | 181 | TIM DECHRISTOPHER | 1434 WILSON AVE | SALT LAKE CITY | UT | 84105 | $112.50 | 1918.600 | $215,887.50 |
| UTU86918 | 182 | TIM DECHRISTOPHER | 1434 WILSON AVE | SALT LAKE CITY | UT | 84105 | $105.00 | 2060.080 | $216,405.00 |
| UTU86919 | 183 | TIM DECHRISTOPHER | 1434 WILSON AVE | SALT LAKE CITY | UT | 84105 | $110.00 | 2560.000 | $281,600.00 |
| UTU86920 | 184 | TIM DECHRISTOPHER | 1434 WILSON AVE | SALT LAKE CITY | UT | 84105 | $55.00 | 1423.120 | $78,320.00 |
| UTU86921 | 185 | TIM DECHRISTOPHER | 1434 WILSON AVE | SALT LAKE CITY | UT | 84105 | $50.00 | 2560.000 | $128,000.00 |
| UTU86922 | 186 | TIM DECHRISTOPHER | 1434 WILSON AVE | SALT LAKE CITY | UT | 84105 | $100.00 | 2560.000 | $256,000.00 |
| UTU86923 | 187 | TIM DECHRISTOPHER | 1434 WILSON AVE | SALT LAKE CITY | UT | 84105 | $2.00 | 80.000 | $160.00 |
| UTU86930 | 196 | TIM DECHRISTOPHER | 1434 WILSON AVE | SALT LAKE CITY | UT | 84105 | $72.50 | 2214.240 | $160,587.50 |
| UTU86931 | 197 | TWILIGHT RES/ FIDELITY EXPL | 1411 E 840 N | OREM | UT | 84097 | $12.00 | 2216.680 | $26,604.00 |
| UTU86932 | 198 | MCCORMICK SONJA V | 1481 S PRESTON ST | SALT LAKE CITY | UT | 84108 | $2.00 | 2560.000 | $5,120.00 |
| UTU86933 | 199 | MCCORMICK SONJA V | 1481 S PRESTON ST | SALT LAKE CITY | UT | 84108 | $2.00 | 2560.000 | $5,120.00 |
| UTU86935 | 201 | PAR FIVE EXPLORATION, LLC | 1411 EAST 840 NORTH | OREM | UT | 84097 | $7.50 | 1920.000 | $14,400.00 |
| UTU86936 | 202 | PAR FIVE EXPLORATION, LLC | 1411 EAST 840 NORTH | OREM | UT | 84097 | $8.50 | 1840.000 | $15,640.00 |
| UTU86937 | 203 | PAR FIVE EXPLORATION, LLC | 1411 EAST 840 NORTH | OREM | UT | 84097 | $2.00 | 160.000 | $320.00 |
| UTU86939 | 205 | PAR FIVE EXPLORATION, LLC | 1411 EAST 840 NORTH | OREM | UT | 84097 | $3.00 | 1389.770 | $4,167.00 |
| UTU86940 | 206 | PAR FIVE EXPLORATION, LLC | 1411 EAST 840 NORTH | OREM | UT | 84097 | $2.50 | 1117.240 | $2,795.00 |

*Page 3 of 6*

**Bureau of Land Management**
**Utah State Office**
**December 2008      Sale Results**

| SERIAL | PAR | NAME | ADDRESS | CITY | ST | ZIP | Bid/Acre | ACRES | Total Bonus |
|---|---|---|---|---|---|---|---|---|---|
| UTU86941 | 207 | PAR FIVE EXPLORATION, LLC | 1411 EAST 840 NORTH | OREM | UT | 84097 | $2.50 | 1280.000 | $3,200.00 |
| UTU86942 | 208 | PAR FIVE EXPLORATION, LLC | 1411 EAST 840 NORTH | OREM | UT | 84097 | $2.50 | 798.220 | $1,997.50 |
| UTU87025 | 295 | SUMMIT OPERATING LLC | 1441 UTE BLVD, STE 280 | PARK CITY | UT | 84098 | $2.00 | 694.520 | $1,390.00 |
| UTU87026 | 296 | MCCORMICK SONJA V | 1481 S PRESTON ST | SALT LAKE CITY | UT | 84108 | $120.00 | 618.960 | $74,280.00 |
| UTU87027 | 314 | FARMER KENNETH K | PO BOX 2895 | CASPER | WY | 82602 | $6.00 | 958.800 | $5,754.00 |
| UTU86838 | 319 | IMPOACT ENERGY RESOURCES, LLC | 621 17TH ST., #1630 | DENVER | CO | 80293 | $5.00 | 80.000 | $400.00 |
| UTU86839 | 320 | PIONEER NATURAL RESOURCES USA | 5205 N O'CONNOR BLVD | IRVING | TX | 750393746 | $27.50 | 1305.960 | $35,915.00 |
| UTU86850 | 328 | IMPOACT ENERGY RESOURCES, LLC | 621 17TH ST., #1630 | DENVER | CO | 80293 | $11.00 | 1395.450 | $15,356.00 |
| UTU86849 | 329 | IMPOACT ENERGY RESOURCES, LLC | 621 17TH ST., #1630 | DENVER | CO | 80293 | $15.00 | 1383.630 | $20,760.00 |
| UTU86851 | 330 | CIRQUE RESOURCES, LP | 475 17TH ST, STE 1600 | DENVER | CO | 80202 | $140.00 | 160.000 | $22,400.00 |
| UTU86852 | 331 | CIRQUE RESOURCES, LP | 475 17TH ST, STE 1600 | DENVER | CO | 80202 | $22.00 | 1340.350 | $29,502.00 |
| UTU86853 | 332 | CIRQUE RESOURCES, LP | 475 17TH ST, STE 1600 | DENVER | CO | 80202 | $16.00 | 1046.770 | $16,752.00 |
| UTU86860 | 335 | IMPOACT ENERGY RESOURCES, LLC | 621 17TH ST., #1630 | DENVER | CO | 80293 | $28.00 | 119.080 | $3,360.00 |
| UTU86878 | 337 | IMPOACT ENERGY RESOURCES, LLC | 621 17TH ST., #1630 | DENVER | CO | 80293 | $27.00 | 438.480 | $11,853.00 |
| UTU86879 | 338 | IMPOACT ENERGY RESOURCES, LLC | 621 17TH ST., #1630 | DENVER | CO | 80293 | $45.00 | 159.080 | $7,200.00 |
| UTU86880 | 339 | BILL BARRETT CORP | 1099 18TH ST # 2300 | DENVER | CO | 80202 | $85.00 | 480.000 | $40,800.00 |
| UTU86881 | 340 | BILL BARRETT CORP | 1099 18TH ST # 2300 | DENVER | CO | 80202 | $125.00 | 520.000 | $65,000.00 |
| UTU86882 | 341 | BILL BARRETT CORP | 1099 18TH ST # 2300 | DENVER | CO | 80202 | $115.00 | 1680.000 | $193,200.00 |
| UTU86883 | 342 | BILL BARRETT CORP | 1099 18TH ST # 2300 | DENVER | CO | 80202 | $200.00 | 560.880 | $112,200.00 |
| UTU86896 | 343 | BILL BARRETT CORP | 1099 18TH ST # 2300 | DENVER | CO | 80202 | $34.00 | 555.340 | $18,904.00 |
| UTU86898 | 345 | BILL BARRETT CORP | 1099 18TH ST # 2300 | DENVER | CO | 80202 | $140.00 | 1626.630 | $227,780.00 |
| UTU86862 | 346 | BILL BARRETT CORP | 1099 18TH ST # 2300 | DENVER | CO | 80202 | $20.00 | 520.000 | $10,400.00 |
| UTU86884 | 349 | BILL BARRETT CORP | 1099 18TH ST # 2300 | DENVER | CO | 80202 | $70.00 | 1201.730 | $84,140.00 |

**Bureau of Land Management**
**Utah State Office**
**December 2008      Sale Results**

| SERIAL | PAR | NAME | ADDRESS | CITY | ST | ZIP | Bid/Acre | ACRES | Total Bonus |
|--------|-----|------|---------|------|----|----|----------|-------|-------------|
| UTU88885 | 350 | BILL BARRETT CORP | 1099 18TH ST # 2300 | DENVER | CO | 80202 | $100.00 | 1795.850 | $179,600.00 |
| UTU88855 | 352 | BILL BARRETT CORP | 1099 18TH ST # 2300 | DENVER | CO | 80202 | $32.50 | 1683.320 | $54,730.00 |
| UTU88886 | 355 | BUTLER SAMUEL III | 1660 LINCOLN ST # 3100 | DENVER | CO | 80264 | $11.00 | 2063.830 | $22,704.00 |
| UTU88883 | 356 | TWILIGHT RESOURCES LLC | 1411 E 840 N | OREM | UT | 84601 | $5.50 | 1541.040 | $8,481.00 |
| UTU88884 | 357 | TWILIGHT RESOURCES LLC | 1411 E 840 N | OREM | UT | 84601 | $5.25 | 2002.370 | $10,515.75 |
| UTU88865 | 358 | TWILIGHT RESOURCES LLC | 1411 E 840 N | OREM | UT | 84601 | $5.25 | 960.000 | $5,040.00 |
| UTU88896 | 359 | TWILIGHT RESOURCES LLC | 1411 E 840 N | OREM | UT | 84601 | $5.25 | 1880.000 | $9,870.00 |
| UTU88867 | 360 | TWILIGHT RESOURCES LLC | 1411 E 840 N | OREM | UT | 84601 | $5.25 | 1315.340 | $6,909.00 |
| UTU88888 | 361 | TWILIGHT RESOURCES LLC | 1411 E 840 N | OREM | UT | 84601 | $14.50 | 1200.000 | $17,400.00 |
| UTU86868 | 362 | TWILIGHT RESOURCES LLC | 1411 E 840 N | OREM | UT | 84601 | $16.00 | 2560.000 | $40,960.00 |
| UTU86869 | 363 | TWILIGHT RESOURCES LLC | 1411 E 840 N | OREM | UT | 84601 | $7.50 | 2046.080 | $15,352.50 |
| UTU86870 | 364 | TWILIGHT RESOURCES LLC | 1411 E 840 N | OREM | UT | 84601 | $9.00 | 1920.000 | $17,280.00 |
| UTU86871 | 365 | TWILIGHT RESOURCES LLC | 1411 E 840 N | OREM | UT | 84601 | $10.00 | 2560.000 | $25,600.00 |
| UTU86872 | 366 | TWILIGHT RESOURCES LLC | 1411 E 840 N | OREM | UT | 84601 | $10.50 | 1920.000 | $20,160.00 |
| UTU86873 | 367 | TWILIGHT RESOURCES LLC | 1411 E 840 N | OREM | UT | 84601 | $11.00 | 1280.000 | $14,080.00 |
| UTU86889 | 368 | TWILIGHT RESOURCES LLC | 1411 E 840 N | OREM | UT | 84601 | $21.00 | 1537.140 | $32,298.00 |
| UTU86890 | 369 | TWILIGHT RESOURCES LLC | 1411 E 840 N | OREM | UT | 84601 | $20.00 | 1800.000 | $36,000.00 |
| UTU86891 | 370 | TWILIGHT RESOURCES LLC | 1411 E 840 N | OREM | UT | 84601 | $11.50 | 1160.000 | $13,340.00 |
| UTU88874 | 371 | TWILIGHT RESOURCES LLC | 1411 E 840 N | OREM | UT | 84601 | $9.00 | 650.560 | $5,859.00 |
| UTU87031 | 372 | LASRICH LANE | 2597 E BRIDGER BLVD | SANDY | UT | 84093 | $2.00 | 1156.560 | $2,314.00 |
| UTU87032 | 373 | QUESTAR EXPL & PROD CO | 1050 17TH ST, STE 500 | DENVER | CO | 80202 | $130.00 | 160.000 | $20,800.00 |
| UTU87033 | 374 | ROBERT W HANAGAN | PO BOX 746 | BIG HORN | WY | 82833 | $10.00 | 160.000 | $1,600.00 |
| UTU87090 | 375 | IMPOACT ENERGY RESOURCES, LLC | 621 17TH ST., #1630 | DENVER | CO | 80293 | $10.50 | 313.000 | $3,286.50 |

*Page 5 of 6*

**Bureau of Land Management**
**Utah State Office**
**December 2008** **Sale Results**

| SERIAL | PAR | NAME | ADDRESS | CITY | ST | ZIP | Bid/Acre | ACRES | Total Bonus |
|--------|-----|------|---------|------|----|----|---------|-------|-------------|
| UTU86913 | 376 | TIM DECHRISTOPHER | 1434 WILSON AVE | SALT LAKE CITY | UT | 84105 | $70.00 | 2186.590 | $153,090.00 |

**EXHIBIT "F"**

Exhibit "F"



# United States Department of the Interior

BUREAU OF LAND MANAGEMENT
Utah State Office
P.O. Box 45155
Salt Lake City, UT 84145-0155
http://www.blm.gov



IN REPLY REFER TO:
3100
UT-922

December 24, 2008

CERTIFIED MAIL-Return Receipt Requested

Twilight Resources LLC
1411 E 840 N
Orem, UT  84097

Dear Twilight Resources LLC,

 As you may know a bidder participated in the December 19, 2008, Utah BLM oil and gas lease sale that had no intention of acquiring the leases for which he bid.  During the sale BLM officials became aware of the bidder and he was removed from the sale following the offering of parcel number 197 (UTU 86931).  However, prior to his removal, he proffered the high bid for 14 individual parcels and participated in the bidding on several other parcels which were eventually won by other bidders.   Since he failed to pay the minimum remittance required by law on the day of the sale, those 14 leases for which he was high bidder will not be issued, but may be offered at a subsequent competitive lease sale.

Our records show that you were the successful bidder for parcels UTU86887, UTU86892, UTU86893, UTU86899, UTU86900, UTU86905, UTU86906, UTU86907, UTU86908, UTU86909, UTU86910, and UTU86931.  The purpose of this letter is to inform you that in light of the presence and participation of the previously mentioned  bidder during a portion of the sale, you may  withdraw your bid, if you so choose, on any parcel for which you were the successful high bidder and receive a full refund of any remittance paid to BLM.  Notwithstanding the issues associated with fraudulent bidding, all payments for the subject parcels must be received by close of business on January 7, 2009 (see 43CFR 3120.5-2(c)) to maintain your interest in those parcels.

Withdrawal of successful bids on any parcel will result in the loss of any interest in that parcel, and the sale of that parcel will be considered null and void *ab initio*.  The parcel would then be considered for offering at a subsequent competitive lease sale.  However, if you choose to stay with your successful bid, you must make certain all required payments and timeframes are met.  The final decision regarding issuance of a lease will be made following the resolution of all formal protests associated with a given parcel.

We believe that an expeditious resolution of this issue is in our mutual best interest. A written response indicating your desire with respect to the parcels identified above must be received by January 7, 2009. If you have questions regarding this letter, please contact Terry Catlin at (801) 539-4122 or Kent Hoffman at (801) 539-4063.

Sincerely,

Kent Hoffman
Deputy State Director
Division of Lands and Minerals